**ABRAHAM, FRUCHTER**
**& TWERSKY, LLP**
Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 279-5125
Email: pbishop@aftlaw.com

*Counsel for Proposed Lead Plaintiff*
*Institutional Firefighting Investors*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRIS PORCELLI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OUTSET MEDICAL, INC., LESLIE TRIGG, and NABEEL AHMED<br><br>Defendants. | CASE NO.: 5:24-cv-06124-EJD<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>JUDGE: Hon. Edward J. Davila<br>CRTRM: 4 – 5th Floor<br>DATE: December 19, 2024<br>TIME: 9:00 a.m. |
| PLYMOUTH COUNTY RETIREMENT ASSOCIATION, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OUTSET MEDICAL, INC., LESLIE TRIGG, REBECCA CHAMBERS, and NABEEL AHMED<br><br>Defendants. | CASE NO.: 5:24-cv-07267-HSJ<br><br><br><br>JUDGE: Hon. Haywood S Gilliam, Jr<br>CRTRM: 2 – 4th Floor<br>Oakland Division |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE on December 19, 2024. before the Honorable Edward J. Davila, Courtroom 4 – 5th Floor of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, the City of Sarasota Firefighters' Pension Fund ("Sarasota Firefighters") and the Irving Firemen's Relief and Retirement Fund ("IFRRF", collectively with the Sarasota Firefighters, the "Institutional Firefighting Investors" or "Movants") will move this Court for an Order, pursuant Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform  Act  of 1995 (the "PSLRA"), Pub.L. No. 104-67, 109 Stat. 737: (1) consolidating the above-captioned actions; (2) appointing them as Lead Plaintiff of the putative class; (3) approving their selection of the law firm of Abraham, Fruchter & Twersky, LLP ("AF&T") to serve as Lead Counsel for the putative class; and (4) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Institutional Firefighting Investors are the most adequate lead plaintiffs, as defined by the PSLRA, because they filed a timely motion in response to a notice, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  See 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Institutional Firefighting Investors' selection of Abraham, Fruchter & Twersky, LLP ("AF&T") as lead counsel for the putative class is reasonable and should be approved.  See 15 U.S.C. §78u-4(a)(3)(B)(v).

The Institutional Firefighting Investors make and base this Motion on the attached Memorandum of Points and Authorities and concurrently filed Declaration of  Patrice L. Bishop ("Bishop Decl."), along with the pleadings and other files herein and such other written and oral arguments as may be presented to the Court.

///

///

///

MOTION FOR CONSOLIDATION AND APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL
CASE NO.: 5:24-CV-06124-EJD                    -1-

## STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the two above-captioned actions should be consolidated.

2.    Whether the Institutional Firefighting Investors should be appointed Lead Plaintiff and their chosen counsel, AF&T, should be appointed Lead Counsel of the consolidated action pursuant to the PSLRA.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.    Introduction

Two securities class actions (the "Action") have been brought against Outset Medical, Inc. ("Outset Medical" or the "Company") and certain its officers.  The claims asserted arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a).

Pursuant to the PSLRA, the Court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the Action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).   The Institutional Firefighting Investors make this Motion seeking appointment as Lead Plaintiff based upon their belief that they have the largest financial interest in the relief sought by the Class and are otherwise a typical and adequate representative of the Class.  Further, the Institutional Firefighting Investors, both sophisticated institutional investors, are the exact type of plaintiff that Congress sought to have serve as Lead Plaintiff when it enacted the PSLRA.  The Institutional Firefighting Investors have a real financial interest in the litigation and the ability to supervise and monitor counsel.  Moreover, the Institutional Firefighting Investors fully understand the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake those responsibilities to ensure the vigorous and efficient prosecution of this action.

The Institutional Firefighting Investors have also demonstrated their adequacy through their selection and retention of AF&T, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the Class.  Therefore, as discussed in greater detail below, the Institutional Firefighting Investors respectfully requests that this Court appoint them as Lead Plaintiff and approve their selection of counsel as Lead Counsel.

**B.    Argument**

**1.    The Related Actions Should be Consolidated**

Outset is a medical technology company focused on kidney dialysis. On September 3, 2014, the first of the above-captioned actions was filed in this Court against Outset Medical and two of its officers. That action was brought on behalf of all persons and entities that purchased or otherwise acquired Outset Medical securities between August 1, 2022, and August 7, 2024, inclusive. *See Porcelli v. Outset Med. Inc., et al.,* Case No. 5:24-cv-06124-EJD (N.D. Cal. Aug. 29, 2024), Dkt. 1 at ¶1 ("*Porcelli*").  The second of the above-captioned actions was filed against four defendants, Outset Medical and the two defendants named in *Porcelli. See Plymouth Cnty. Ret. Assoc. v. Outset Med., Inc., et al.*, Case No. 5:24-cv-07267-HSJ, Dkt. 1 at ¶ 1 ("*Plymouth County*"). *Plymouth County* was brought  on behalf of all persons and entities that purchased or otherwise acquired Outset Medical securities between September 15, 2020, and August 7, 2024, inclusive (the "Class Period").[1] *See Id.* at ¶1.  At the time of the *Plymouth County* filing, the plaintiff therein acknowledged that *Plymouth County* is related to the *Porcelli* action. *See id.*, Dkt. 1-2.

In addition to naming similar defendants, the actions each allege violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5. Both actions allege that the defendants issued materially false and/or misleading statements concerning, *inter alia*, Outset Medical's dialysis machine, the Tablo Hemodialysis System, and the Company's revenue growth. *See, e.g.*, *Porcelli* at ¶¶ 5, 7, 13, 32, 49, 71-85; *Plymouth County* at ¶¶ 2-3, 14, 59, 80, 105-19.  Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would avoid unnecessary cost or delay in adjudication.  Fed. R. Civ. P. 42(a); *see also* Manuel for Complex Litig. (4th), 10.123, at 11-12 (2004). The Institutional Firefighting

---

[1] The law is clear that for the purposes of appointing the Lead Plaintiff under the PSLRA, the longest, most inclusive class period governs. *See In re Elan Corp. Sec. Litig.*, 2009 WL 1321167, at *1 (S.D.N.Y. May 11, 2009); *see also Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.,* 256 F.R.D. 620, 625 (E.D. Wis. 2009); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010).

Investors, therefore, respectfully request the Court consolidate the *Porcelli* and *Plymouth County* actions.

**2.     The Institutional Firefighting Investors are the Most Adequate Lead Plaintiff**

The PSLRA provides a method for determining the "most adequate plaintiff" to serve as Lead Plaintiff in a securities fraud class action. See 15 U.S.C. § 78u-4(a)(3)(B)(iii). First, the plaintiff must file a complaint or make a timely motion to be appointed lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, the proposed lead plaintiff needs to have "the largest financial interest in the relief being sought by the [C]lass." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Third, the proposed lead plaintiff needs to "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); see also In re Cendant Corp. Litig., 264 F.3d 201, 263 (3d Cir. 2001).

The Institutional Firefighting Investors believes they are the "most adequate plaintiff" because they satisfy all three elements. Accordingly, Movants should be appointed as Lead Plaintiff.

**a.     Movants Timely Moved for Appointment as Lead Plaintiff**

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. See 15 U.S.C. § 78u-4(a)(3)(A)(i). On August 29, 2024, notice of the action was published via Business Wire and provided October 28, 2024, as the deadline to submit lead plaintiff applications. See Bishop Decl. Ex. A. Movants satisfy this requirement through the filing of this Motion.

**b.     Movants Have the Largest Financial Interest in the Relief Sought**

The Institutional Firefighting Investors should be appointed Lead Plaintiff because they have the largest financial interest in this litigation as a result of having suffered losses from their purchases of Outset Medical common stock during the Class Period. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); Bishop Decl. Ex. B-C. To the best of Movants' knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation, either individually or as an appropriate group. Accordingly, the Institutional Firefighting Investors

MOTION FOR CONSOLIDATION AND APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL
CASE NO.: 5:24-CV-06124-EJD

have the largest financial interest among those seeking appointment as Lead Plaintiff and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### c.    Movants Satifsy the Requirements of Rule 23

A lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). "[I]n inquiring whether the movant has preliminarily satisfied the typicality requirement, [courts] should consider whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims of that movant are based differ from that upon which the claims of other class members will perforce be based." *In re Cendant Corp. Litig.*, 264 F.3d at 265 (internal quotation omitted); see also Fed. R. Civ. P. 23(a)(3). Here, the Institutional Firefighting Investors satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

Movants' claims are typical of the claims of other purchasers of Outset Medical securities. The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *McKenzie*, 268 F.R.D. at 173-74 (citation omitted). Here, the claims of the Institutional Firefighting Investors are typical because, like all members of the putative class, they purchased Outset Medical securities during the Class Period at prices artificially inflated by defendants' materially false and misleading statements and omissions and suffered damages when the truth was revealed. The Institutional Firefighting Investors' claims arise from the same course of events

as all Class members and require the same legal arguments in order to prove defendants' liability. As such, Movants satisfy the typicality requirement.

The Institutional Firefighting Investors similarly satisfy the adequacy requirement of Rule 23 to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class ...." *McKenzie*, 268 F.R.D. at 174 (citation omitted).

Movants satisfy these elements because their substantial financial stake in the outcome of this litigation provides the incentive to vigorously represent the claims of the Class, and they do not have interests that are antagonistic to the Class. Indeed, the Institutional Firefighting Investors are sophisticated institutional investors, the type of investor Congress specifically sought to encourage to lead securities class actions in enacting the PSLRA. See H.R. Conf. Rep. No. 104-369, at 34 (1995), as reprinted in 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Movants satisfy the requirements of Section 21(a)(3)(B) and are presumptively the most adequate plaintiff. This presumption has not been, and cannot be, rebutted by proof that Movants "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Notably, the Institutional Firefighting Investors also executed a Joint Declaration setting forth their commitment to zealously and efficiently overseeing this action. *See* Bishop Decl. Ex. D. Therefore, for the reasons stated above, the Court should appoint the Institutional Firefighting Investors as Lead Plaintiff.

### 3.   Movants' Selection of Counsel Should Be Approved

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice of counsel unless it

is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). The Institutional Firefighting Investors have selected and retained AF&T to serve as Lead Counsel. AF&T has the commitment and ability to accomplish the required tasks because it has extensive experience and is highly competent in prosecuting similar actions. *See, e.g., In re SunEdison, Inc. Sec. Litig.*, No. 16-md-02742-PKC, ECF No. 103 (S.D.N.Y. Dec. 22, 2016) (appointing AF&T lead counsel); *accord, e.g., Godinez v. Alere Inc., et al.*, No. 1:16-cv-10766 (PBS), ECF No. 152 (D. Mass. Dec. 22, 2017) (appointing AF&T co-lead counsel); *Utesch v. Lannett Company Inc., et al.*, No. 2:16-cv-05932 (WB), ECF No. 53 (E.D. Pa. Mar. 20, 2017) (appointing AF&T lead counsel); *Silverstrand Investments v. AMAG Pharmaceuticals et al.*, No. 1:10-cv-10470 (NMG), ECF No. 24 (D. Mass Jul. 27, 2010) (same).[2]

## C.     CONCLUSION

The Institutional Firefighting Systems have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Movants respectfully request that the Court grant their motion.

Dated:  October 28, 2024

**ABRAHAM, FRUCHTER
& TWERSKY, LLP**

By:  /s/ *Patrice L. Bishop*
Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone:   (310) 279-5125
Email:         pbishop@aftlaw.com

---

[2] A detailed description of AF&T's track record, resources, and attorneys, please see https://www.aftlaw.com. An electronic or paper version of the firm's resume is available upon the Court's request, if preferred.

MOTION FOR CONSOLIDATION AND APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL
CASE NO.: 5:24-CV-06124-EJD

**ABRAHAM, FRUCHTER
& TWERSKY, LLP**
Mitchell M.Z. Twersky
Atara Hirsch
Lawrence D. Levit
450 Seventh Avenue, 38th Floor
New York, NY  10123
Telephone:   (212) 279-5050
Facsimile:   (212) 279-3655
Email:       mtwersky@aftlaw.com
             ahirsch@aftlaw.com
             llevit@aftlaw.com

*Proposed Lead Counsel for Proposed Lead Plaintiff
Institutional Firefighting Investors*

MOTION FOR CONSOLIDATION AND APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL
CASE NO.: 5:24-CV-06124-EJD