Nicole Lavallee (SBN 165755)
Michael Dark (SBN 179083)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        mdark@bermantabacco.com

*Counsel for the Pension Fund Group
and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

CHRIS PORCELLI, individually and on behalf of all others similarly situated,

　　　　　　　　Plaintiff,

　　　vs.

OUTSET MEDICAL, INC., LESLIE TRIGG, and NABEEL AHMED,

　　　　　　　　Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:24-cv-06124-EJD

**CLASS ACTION**

**PENSION FUND GROUP'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION**

Date:　　　December 19, 2024
Time:　　　9:00 a.m.
Ctrm:　　　4 – 5th Floor
Judge:　　　Hon. Edward J. Davila

PLYMOUTH COUNTY RETIREMENT ASSOCIATION, individually and on behalf of all others similarly situated,

　　　　　　　　Plaintiff,

　　　v.

OUTSET MEDICAL, INC., LESLIE TRIGG, REBECCA CHAMBERS, and NABEEL AHMED,

　　　　　　　　Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:24-cv-07267-HSG

CLASS ACTION

Ctrm:　　　2 – 4th Floor (Oakland Division)
Judge:　　　Hon. Haywood S. Gilliam, Jr.

[NO. 5:24-cv-06124-EJD] PENSION FUND GROUP'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION

**TABLE OF CONTENTS**

Page(s)

I.    INTRODUCTION ..................................................................................................................1

II.   ARGUMENT.......................................................................................................................2

      A.    The Pension Fund Group Should Be Appointed Lead Plaintiff Because It
           Is The Most Capable Of Adequately Representing The Interests Of The
           Class ..................................................................................................................................2

           1.    The Pension Fund Group Is The Presumptive Lead Plaintiff
                 Because It Has The Largest Financial Interest In The Relief Sought
                 By The Class .............................................................................................................3

           2.    The Pension Fund Group Satisfies The Requirements Of Rule 23 .............4

           3.    Ninth Circuit Law Mandates That The Pension Fund Group Be
                 Appointed Lead Plaintiff..................................................................................6

      B.    The Court Should Approve The Pension Fund Group's Selection Of
           Berman Tabacco As Lead Counsel.............................................................................6

      C.    The Actions Should Be Related And Consolidated For All Purposes.....................7

III.  CONCLUSION...................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Das v. Unity Software Inc.*,
   No. 5:22-CV-03962-EJD, 2023 WL 1927739 (N.D. Cal. Feb. 10, 2023) ................................. 2

*Deinnocentis v. Dropbox, Inc.*,
   No. 19-cv-06348, 2020 WL 264408 (N.D. Cal. Jan. 16, 2020) ................................................ 4

*In re Cavanaugh*,
   306 F. 3d 726 (9th Cir. 2002) ........................................................................................... 1, 3, 6

*In re FibroGen Sec. Litig. (FibroGen I)*,
   No. 21-CV-02623-EMC, 2024 WL 1064665 (N.D. Cal. Mar. 11, 2024) ................................. 2

*Markette v. XOMA Corp.*,
   No. 15-cv-03425-HSG, 2016 WL 2902286 (N.D. Cal. May 13, 2016) ................................... 6

*Peters v. Twist Bioscience Corp.*,
   No. 5:22-CV-08168-EJD, 2023 WL 4849431 (N.D. Cal. July 28, 2023) ................................. 4

*Stephens v. Maplebear Inc.*,
   No. 24-CV-00465-EJD, 2024 WL 3262617 (N.D. Cal. July 1, 2024) ............................. 4, 5, 6

*Xu v. FibroGen, Inc. (FibroGen II)*,
   No. 21-CV-02623-EMC, 2021 WL 3861454 (N.D. Cal. Aug. 30, 2021) ................................. 2

**STATUTES**

15 U.S.C. §§78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................................ 2, 3

15 U.S.C. §78u-4(a)(3)(B)(i) ............................................................................................................ 6

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ..................................................................................................... 1

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................................... 2, 4

**OTHER AUTHORITIES**

S. Rep. No. 104-98 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 679 ............................................ 5

**RULES**

Civil Local Rule 3-12 ....................................................................................................................... 7

Fed. R. Civ. P. 23 .......................................................................................................................... 3, 4

Fed. R. Civ. P. 23(a)(4) .................................................................................................................... 5

Fed. R. Civ. P. 42(a) ..................................................................................................................... 2, 7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Presently pending in this district are two competing motions seeking appointment as lead plaintiff in the above-captioned securities class actions (the "Actions").  ECF Nos. 17 & 23.  Of the movants, the Plymouth County Retirement Association ("Plymouth County") and the Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada ("SMW Pension Plan") (together, the "Pension Fund Group") has clearly demonstrated that it has the largest financial interest in this action with losses of *$1,034,933, over eight times the $125,959 loss of the competing movant*, City of Sarasota Firefighters' Pension Fund ("Sarasota Firefighters") and the Irving Firemen's Relief and Retirement Fund ("Irving Firemen") (together, the "Institutional Firefighting Investors").  ECF Nos. 18-5, 23-4.  Moreover, the Pension Fund Group purchased significantly more total shares and net shares and expended significantly more funds during the Class Period.  *See* Decl. of Nicole Lavallee in Supp. of Pension Fund Group's Mot. for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Lavallee Decl.") (ECF No. 18), at Ex. 5 (ECF No. 18-5); ECF No. 23-4.  The Pension Fund Group also satisfies the adequacy and typicality requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") as demonstrated by the Certifications and Joint Declaration.  Lavallee Decl. Exs. 3 & 4 (ECF Nos. 18-3 & 18-4).  As such, the Pension Fund Group is the presumptive lead plaintiff.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F. 3d 726, 732 (9th Cir. 2002) ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements.").

Further, Plymouth County and SMW Pension Plan are sophisticated public pension funds with experience supervising the work of outside counsel and experience serving as lead plaintiffs.  ECF No. 18-4, at ¶¶3, 6.  Indeed, Plymouth County has served as a lead plaintiff in recent cases which achieved substantial settlements for class members including the FibroGen securities litigation which settled for $28,500,000 this year.  ECF No. 18-4, at ¶3; *In re FibroGen Sec. Litig.*

*(FibroGen I)*, No. 21-CV-02623-EMC, 2024 WL 1064665, at \*7 (N.D. Cal. Mar. 11, 2024) (finding Plymouth County typical and adequate and appointing it as a class representative).

The Pension Fund Group is precisely the sort of institutional investor that Congress envisioned would head up securities class actions when it enacted the PSLRA. *See Xu v. FibroGen, Inc. (FibroGen II)*, No. 21-CV-02623-EMC, 2021 WL 3861454, at \*10 (N.D. Cal. Aug. 30, 2021) ("Retirement Systems [including Plymouth County] are sophisticated institutional investors with substantial experience litigating large-scale securities class actions—important attributes given 'the PSLRA's clear preference for institutional investors' to serve as lead plaintiffs") (citations omitted). *See also Das v. Unity Software Inc.*, No. 5:22-CV-03962-EJD, 2023 WL 1927739, at \*2, 4 (N.D. Cal. Feb. 10, 2023) (appointing two "sophisticated institutional investors" as lead plaintiff).

The Court should also approve the Pension Fund Group's selection of Berman Tabacco as Lead Counsel on behalf of the Class.  As detailed, in the opening papers (ECF No. 17, at 13-14; ECF No. 18-6), Berman Tabacco has offices in San Francisco, has attorneys with substantial experience in the Northern District of California, has achieved substantial recoveries for the benefit of injured investor classes, and has the expertise and resources necessary to provide high-quality legal representation and effectively protect the interests of the Class.

Finally, there is no dispute that the Actions should be related pursuant to Local Rule 3-12 and consolidated pursuant to Fed. R. Civ. P. 42(a) because both actions involve common questions of law and fact.  ECF No. 17, at 8; ECF No. 23, at 4.

Accordingly, the Pension Fund Group respectfully requests that the Court (i) appoint the Pension Fund Group as Lead Plaintiff; (ii) approve Berman Tabacco as Lead Counsel and (iii) relate and consolidate the Actions.

## II.   ARGUMENT

### A.   The Pension Fund Group Should Be Appointed Lead Plaintiff Because It Is The Most Capable Of Adequately Representing The Interests Of The Class

The PSLRA requires that courts appoint as lead plaintiff the movant who has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §§78u-4(a)(3)(B)(iii)(I)(bb) & (cc).

The Ninth Circuit has explained that the PSLRA "provides a simple three-step process for identifying the lead plaintiff." *Cavanaugh*, 306 F.3d at 729. "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* This requirement is met here.[1] In the second step, "the district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the 'presumptively most adequate plaintiff'—and hence the presumptive lead plaintiff—the one who 'has the largest financial interest in the relief sought by the class.'" *Id.* at 729-30 (footnote omitted). "[T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Id.* at 730. Third, the court must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.*

In considering competing movants, "[t]he court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff[s] [are] found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732.

Here, this three-step analysis shows that the Pension Fund Group should be appointed Lead Plaintiff.

**1.    The Pension Fund Group Is The Presumptive Lead Plaintiff Because It Has The Largest Financial Interest In The Relief Sought By The Class**

The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the "person" or "group of persons" who "has the largest financial interest in the relief sought by the class," and who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Cavanaugh*, 306 F.3d at 732.

Here, the Pension Fund Group has the largest financial stake in this controversy under each of the four factors, often referred to as the *Lax-Olsten* factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the

---

[1] There is no dispute that all of the movants timely filed lead plaintiff motions as both filed on the same day. ECF Nos. 17 & 23.

class period." *See Stephens v. Maplebear Inc.*, No. 24-CV-00465-EJD, 2024 WL 3262617, at *3 (N.D. Cal. July 1, 2024) (quoting *Peters v. Twist Bioscience Corp.*, No. 5:22-CV-08168-EJD, 2023 WL 4849431, at *3 (N.D. Cal. July 28, 2023)).

| Movants | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | Loss (FIFO/LIFO)[2] |
|---|---|---|---|---|
| Pension Fund Group | 31,835 | 15,397 | ($1,058,649) | ($1,034,933) |
| Institutional Firefighting Investors | 4,536 | 0 | ($125,959) | ($125,959) |

ECF Nos. 18-5, 23-4.  Indeed, the Pension Fund Group's loss is ***over eight times*** the loss of the Institutional Firefighting Investors. *Id*. *See Maplebear*, 2024 WL 3262617, at *3 (noting that "[t]he final *Lax-Olsten* factor—the approximate losses suffered during the class period—commands the most weight" and that "[m]ost courts in this district use the 'last in, first out' ('LIFO') accounting method to calculate estimated losses") (quoting *Twist*, 2023 WL 4849431, at *4).

Since the Pension Fund Group unquestionably has the largest financial interest in the relief sought by the proposed class, it is the presumptive lead plaintiff under the PSLRA.

**2.     The Pension Fund Group Satisfies The Requirements Of Rule 23**

In addition to the largest financial interest requirement, the PSLRA also directs that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Only a "prima facia showing of typicality and adequacy" is required at the lead plaintiff selection stage.  *Maplebear*, 2024 WL 3262617, at *4 (quoting *Deinnocentis v. Dropbox, Inc.*, No. 19-cv-06348, 2020 WL 264408, at *4 (N.D. Cal. Jan. 16, 2020)).

First, the Pension Fund Group, like all other members of the Class, purchased Outset securities during the Class Period at allegedly artificially inflated prices due to Defendants' alleged misrepresentations and omissions, and suffered damages when those misrepresentations came to light.  ECF No. 17, at 11; ECF No. 18-3.  Because there are well-defined common questions of law

---

[2] The Institutional Firefighting Investors claim a loss of $125,958.79 in its opening papers.  ECF No. 23-4.  The losses calculated by the movants are the same whether using a "first in, first out" ("FIFO") or a "last in, first out" ("LIFO") accounting method.

and fact involved in this case, the claims asserted by Pension Fund Group, which is not subject to any unique defenses, are typical of the claims of other proposed Class members. *Maplebear*, 2024 WL 3262617, at *4 (*prima facie* showing of typicality satisfied where movant "like all other putative class members, purchased Instacart stock during the class period at allegedly artificially inflated prices due to Defendants' alleged misrepresentations").

Second, the Pension Fund Group satisfies that adequacy requirement of Rule 23(a)(4) because it has established that it "will fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). ECF No. 17, at 11-13. Like all Class members, the Pension Fund Group purchased Outset securities during the Class Period and suffered losses when the truth about the Defendants' misrepresentations emerged. For this reason, the Pension Fund Group's interests and those of the Class are closely aligned.

In addition, the substantial losses suffered by the Pension Fund Group as a result of the Defendants' misconduct will ensure vigorous advocacy as affirmed in the Joint Declaration. ECF No. 18-4, at ¶¶12, 14. The Pension Fund Group has also retained Berman Tabacco, well-qualified and experienced securities class action attorneys, to represent the proposed Class. *Id*. at ¶15. There are no facts that indicate any conflicts of interest between the Pension Fund Group and the other Class members.

The Pension Fund Group's members are sophisticated public pension funds and have the resources and experience to effectively manage this litigation. ECF No. 18-4, at ¶11. In fact, as sophisticated institutional investors with real financial interests in the litigation, the Pension Fund Group is a model lead plaintiff envisioned by Congress in its enactment of the PSLRA. *See* S. Rep. No. 104-98, at 11 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts . . . [and] believes that an institutional investor acting as lead plaintiff can, consistent with its fiduciary obligations, balance the interests of the class with the long-term interests of the company and its public investors."). Indeed, the Court can be confident in the appointment of Plymouth County and SMW Pension Fund as Lead Plaintiff because both have

successfully served as lead plaintiffs in complex securities class actions in the past.  ECF No. 18-4, ¶¶3, 6.

Accordingly, the Pension Fund Group has demonstrated that it is the "most capable of adequately representing the interests of class members," and the Court should appoint it as Lead Plaintiff for the Class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(i); *Maplebear*, 2024 WL 3262617, at \*4 (adequacy requirement satisfied when movant did not "appear to have any conflicts of interests with other class members, and his substantial stake in the litigation will be a strong incentive to litigate vigorously on behalf of the class").

### 3.    Ninth Circuit Law Mandates That The Pension Fund Group Be Appointed Lead Plaintiff

The Ninth Circuit has made clear that "[o]nce it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements."  *Cavanaugh*, 306 F.3d at 732.  Competing movants must present "proof" to rebut a presumption that the presumptive lead plaintiff is atypical or inadequate. *Id.* at 741*; see Markette v. XOMA Corp*., No. 15-cv-03425-HSG, 2016 WL 2902286, at \*7 (N.D. Cal. May 13, 2016) ("[c]ompeting movants can rebut this showing by setting forth evidence"). Here, there is no evidence that the Pension Fund Group is either atypical or inadequate to serve as lead plaintiff.  Accordingly, the Pension Fund Group must be appointed Lead Plaintiff.

### B.    The Court Should Approve The Pension Fund Group's Selection Of Berman Tabacco As Lead Counsel

As demonstrated in the Pension Fund Group's opening papers, Berman Tabacco is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous matters on behalf of investors throughout the United States, including cases in this District.  ECF No. 17, at 17-18. Berman Tabacco will prosecute this Action effectively and expeditiously.

**C.    The Actions Should Be Related And Consolidated For All Purposes**

The movants do not dispute that the Actions present common questions of law and fact. ECF No. 17, at 8; ECF No. 23, at 4.  Accordingly, the Actions should be related pursuant to Civil Local Rule 3-12.  Further, consolidation of the Actions is appropriate because both actions assert claims under the federal securities laws on behalf of investors who allegedly were defrauded by the Defendants and alleges substantially the same wrongdoing.  *See* Fed. R. Civ. P. 42(a) ("[i]f actions before the court involve a common question of law or fact," it may order all the actions consolidated to prevent unnecessary costs or delay).

**III.    CONCLUSION**

For the foregoing reasons, the Pension Fund Group respectfully requests that the Court: (1) appoint the Pension Fund Group as lead plaintiff on behalf of the proposed Class; (2) approve its selection of Berman Tabacco as lead counsel for the proposed Class; and (3) relate and consolidate the Actions.

DATED:  November 12, 2024                  Respectfully submitted,

**BERMAN TABACCO**

By:    */s/ Nicole Lavallee*
　　　　　Nicole Lavallee

Michael Dark
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
　　　　　mdark@bermantabacco.com

*Counsel for the Pension Fund Group and*
*Proposed Lead Counsel for the Class*