Nicole Lavallee (SBN 165755)
Kristin Moody (SBN 206326)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        kmoody@bernantabacco.con
        avahdat@bermantabacco.com

*Lead Counsel for Lead Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE OUTSET MEDICAL, INC. SECURITIES LITIGATION | ) Case No. 5:24-cv-06124-EJD |
| | ) |
| | ) **CLASS ACTION** |
| | ) |
| | ) **LEAD PLAINTIFF THE PENSION FUND** |
| | ) **GROUP'S RESPONSE AND** |
| This Document Relates to: | ) **CLARIFICATION TO** |
| ALL ACTIONS | ) **ADMINISTRATIVE MOTION TO** |
| | ) **CONSIDER WHETHER CASES SHOULD** |
| | ) **BE RELATED** |
| | ) |
| | ) Ctrm:      4 – 5th Floor |
| | ) Judge:     Hon. Edward J. Davila |
| | ) |

[Caption continued on following page]

ERIC POWELL, Derivatively on Behalf of Nominal Defendant OUTSET MEDICAL INC.,

Plaintiff,

v.

LESLIE TRIGG, NABEEL AHMED, REBECCA CHAMBERS, KAREN DREXLER, D. KEITH GROSSMAN, PATRICK T. HACKETT, JIM HINRICHS, DALE E. JONES, ANDREA SAIA, and CATHERINE SZYMAN,

Defendants,

and

OUTSET MEDICAL, INC.,
Nominal Defendant.

Case No. 5:25-cv-03692-PCP

Judge P. Casey Pitts

PATRICK HODGES, Derivatively on Behalf of Nominal Defendant OUTSET MEDICAL, INC.,

Plaintiff,

v.

LESLIE TRIGG, NABEEL AHMED, D. KEITH GROSSMAN, KAREN DREXLER, PATRICK T. HACKETT, DALE E. JONES, ANDREA L. SAIA, REBECCA CHAMBERS, JIM HINRICHS, CATHERINE SZYMAN, ALI OSMAN, and THOMAS J. CARELLA,

Defendants,

and

OUTSET MEDICAL, INC.,

Nominal Defendant.

Case No. 5:25-cv-04013-EJD

Judge Edward J. Davila

[No. 5:24-cv-06124-EJD] LEAD PLAINTIFF THE PENSION FUND GROUP'S RESPONSE AND CLARIFICATION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

Pursuant to Northern District of California Local Rules 3-12(e) and 7-11(b), Lead Plaintiff the Pension Fund Group ("Lead Plaintiff") hereby submits this Response and Clarification to the Administrative Motion to Consider Whether Cases Should be Related filed by Eric Powell ("Powell") and Patrick Hodges ("Hodges") (together the "New Derivative Plaintiffs") (the "Motion")  (ECF No. 45).[1]

## I.    BACKGROUND

As an initial matter, Lead Plaintiff clarifies the procedural history relevant to the Motion. Since the securities class action was first initiated on August 29, 2024 (the "Securities Class Action"), three tag along derivative actions have been filed that rely on similar factual allegations. On November 29, 2024, Marie Chappel ("Chappel") filed a derivative action titled *Chappel v. Trigg, et al.,* No. 5:24-cv-08597-EJD (N.D. Cal.) (the "*Chappel* Derivative Action"). On April 28, 2025, Powell filed a derivative action tilted *Powell v. Trigg, et al.,* No. 5:25-cv-03692-PCP (N.D. Cal.) (the "*Powell* Derivative Action"). On May 8, 2025, Hodges filed a derivative action titled *Hodges v. Trigg, et al.,* No. 5:25-cv-04013-EJD (N.D. Cal.) (the "*Hodges* Derivative Action"). All three derivative actions are referred to herein as the "Derivative Actions," and the *Powell* Derivative Action and the *Hodges* Derivative Action are referred to herein as the "New Derivative Actions."

While the New Derivative Plaintiffs do not note this in their Motion, (a) on March 14, 2025, this Court already related the *Chappel* Derivative Action to the Securities Class Action (ECF No. 40) after a March 13, 2025 referral from United States District Judge Eumi Lee for consideration of whether the Chappel Derivative Action is related to the Securities Class Action (ECF No. 39) and (b) on March 25, 2025, pursuant to a stipulation by the Plaintiff in the *Chappel* Derivative Action and the Defendants, the Court stayed the *Chappel* Derivative Action through the resolution of an anticipated motion to dismiss in the Securities Class Action.  Order Granting Stipulation to Stay Derivative Action, *Chappel v. Trigg, et al.,* No. 5:24-cv-08597-EJD.

---

[1] The New Derivative Plaintiffs state that they contacted Defendants before filing their Motion. However, they did not contact Lead Plaintiff before filing their Motion.

The New Derivative Plaintiffs now seek to relate their actions to the Securities Class Action and the *Chappel* Derivative Action.

## II.    ARGUMENT

Lead Plaintiff takes no position on whether the New Derivative Actions should also be related to the Securities Class Action.  However, Lead Plaintiff respectfully requests that, should the Court deem relation of the New Derivative Actions appropriate, that the Court stay all three of the tag along Derivative Actions until final resolution of the Securities Class Action.

"Whether to issue a stay in a case is based on the trial court's sound discretion," and courts routinely stay derivative actions that follow on to securities class actions, recognizing the lack of significant harm to the derivative plaintiffs, the hardship or inequity in denying a stay, and the promotion of judicial economy in instituting a stay.  *In re RH S'holder Derivative Litig.*, 2019 WL 580668, at *2 (N.D. Cal. Jan. 23, 2019).  Those three factors favor staying the Derivative Actions here until after final resolution of the Securities Class Action.

First, the plaintiffs in the Derivative Actions will suffer no significant harm if their litigation is stayed pending final resolution of the Securities Class Action.  Each of the Derivative Actions bases its damages, in part, on the costs associated with Outset's defense of the Securities Class Action.  *See, e.g.,* Verified Shareholder Derivative Complaint, ¶167, *Chappel v. Trigg, et al.,* No. 24-cv-08597-EJD.  Thus, the full scope of damages in the Derivative Actions is not even fully discernible until final resolution of the Securities Class Action.  Courts, including the Delaware Chancery Court, routinely recognize that allowing simultaneous securities and derivative cases in this situation would result in "unduly complicated, inefficient, and unnecessary" litigation and, thus, stay the derivative action pending final resolution of the securities case.  *See Brenner v. Albrecht,* 2012 WL 252286, at *4 (Del. Ch. Jan. 27, 2012).  A stay, moreover, poses no real risk of loss of evidence given that the overlap in the fact patterns in the cases will most likely result in Lead Plaintiff "develop[ing] evidence that will be useful to the plaintiffs in [the Derivative Actions] and the [Securities Class Action]."  *Brudno v. Wise*, 2003 WL 1874750, at *5 & n.11 (Del. Ch. Apr. 1, 2003).

As to the second prong, "[t]he concerns of hardship and equity," courts have found that where simultaneous litigation of securities and derivative actions occur, the derivative action will "divert [defendant's] financial and management resources from the pending litigations against it." *In re Ormat Techs., Inc.*, 2011 WL 3841089, at *5 (D. Nev. Aug. 29, 2011), quoting *Breault v. Folino*, 2002 WL 31974381, at *2 (C.D. Cal. Mar. 15, 2002).  Accordingly, courts have found that it is more pragmatic for the corporation "to devote its resources … exclusively to the Securities Class Action," thus, favoring to stay the derivative action. *Cucci v. Edwards*, 2007 WL 3396234, at *2 (C.D. Cal. Oct. 31, 2007).

Third, a stay promotes judicial economy and conservation of judicial resources.  Here, both the Securities Class Action and the Derivative Actions rely on similar factual claims so that resolution of these claims in the Securities Class Action will necessarily "simplify 'issues, proof, and questions of law' in the Derivative Action[s] and will therefore help preserve judicial resources and promote the orderly course of justice."  *In re RH S'holder Derivative Litig.*, 2019 WL 580668, at *4, quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). On the other hand, "simultaneous litigation will increase the cost of the overall litigation in the near term" and resolution of the Securities Class Action could streamline the issues or promote resolution of the Derivative Actions "saving litigation costs and court resources in the long term." *In re First Solar Derivative Litig.,* 2012 WL 6570914, at *2 (D. Ariz. Dec. 17, 2012).

As such, each of the three factors favor staying the Derivative Actions until final resolution of the Securities Class Action.

### III.    CONCLUSION

While Lead Plaintiff takes no position regarding whether the New Derivative Actions should be related to the Securities Class Action, should the Court deem relation proper, Lead Plaintiff respectfully requests that the Derivative Actions be stayed until final resolution of the Securities Class Action.

Dated: June 12, 2025

Respectfully submitted,

**BERMAN TABACCO**

By:   */s/ Kristin J. Moody*
          Kristin J. Moody

Nicole Lavallee
Alexander Vahdat
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
            kmoody@bernantabacco.con
            avahdat@bermantabacco.com

*Lead Counsel for Lead Plaintiff and the Proposed Class*

[No. 5:24-cv-06124-EJD] LEAD PLAINTIFF THE PENSION FUND GROUP'S RESPONSE AND CLARIFICATION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED                                                                            4