Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff Norman Johnson*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE OUTSET MEDICAL, INC. SECURITIES LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No.: 5:24-cv-06124-EJD<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>(Civil L.R. 3-12 and 7-11)<br><br>Date Filed: August 29, 2024<br>Judge: Edward J. Davila |
| MARIE CHAPPEL, Derivatively on Behalf of Nominal Defendant OUTSET MEDICAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LESLIA TRIGG, NABEEL AHMED, REBECCA CHAMBERS, KAREN DREXLER, D. KEITH GROSSMAN, PATRICK T. HACKETT, JIM HINRICHS, DALE E. JONES, ANDREA SAIA, and CATHERINE SZYMAN,<br><br>Defendants,<br><br>and<br><br>OUTSET MEDICAL, INC.,<br><br>Nominal Defendant. | Case No. 5:24-cv-08597-EJD<br><br>Date Filed: November 29, 2024<br>Judge: Edward J. Davila |

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
5:24-cv-06124-EJD

| | |
|---|---|
| ERIC POWELL, Derivatively on Behalf of Nominal Defendant OUTSET MEDICAL, INC., | Case No. 5:25-cv-03692-EJD |
| Plaintiff, | |
| v. | Date Filed: April 28, 2025 Judge: Edward J. Davila |
| LESLIA TRIGG, NABEEL AHMED, REBECCA CHAMBERS, KAREN DREXLER, D. KEITH GROSSMAN, PATRICK T. HACKETT, JIM HINRICHS, DALE E. JONES, ANDREA SAIA, and CATHERINE SZYMAN, | |
| Defendants, | |
| and | |
| OUTSET MEDICAL, INC., | |
| Nominal Defendant. | |
| PATRICK HODGES, Derivatively on Behalf of OUTSET MEDICAL, INC., | Case No. 5:25-cv-04013-EJD |
| Plaintiff, | |
| v. | Date Filed: May 8, 2025 Judge: Edward J. Davila |
| LESLIE TRIGG, NABEEL AHMED, D. KEITH GROSSMAN, KAREN DREXLER, PATRICK T. HACKETT, DALE E. JONES, ANDREA L. SAIA, REBECCA CHAMBERS, JIM HINRICHS, CATHERINE SZYMAN, ALI OSMAN, and THOMAS J. CARELLA, | |
| Defendants, | |
| and | |
| OUTSET MEDICAL, INC, | |
| Nominal Defendant. | |
| NORMAN JOHNSON, derivatively on behalf of OUTSET MEDICAL, INC., | Case No. 5:25-cv-05091-BLF |
| Plaintiff, | |

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
5:24-cv-06124-EJD

v.

LESLIE TRIGG, NABEEL AHMED,
REBECCA CHAMBERS, KAREN DREXLER,
D. KEITH GROSSMAN, PATRICK T.
HACKETT, JIM HINRICHS, DALE E. JONES,
ANDREA SAIA, ALI OSMAN, THOMAS J.
CARELLA, and CATHERINE SZYMAN,

    Defendants,

    and

OUTSET MEDICAL, INC,

    Nominal Defendant.

Date Filed: June 16, 2025
Judge: Beth Labson Freeman

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
5:24-cv-06124-EJD

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiff Norman Johnson ("Johnson") in the action *Johnson v. Trigg, et al.*, Case No. 5:25-cv-05091-BLF (the "*Johnson* Action") respectfully requests that this Court deem the *Johnson* Action related to *In re Outset Medical, Inc. Securities Litigation*, Case No. 5:24-cv-06124-EJD (the "Securities Class Action") as well as the shareholder derivative actions *Chappel v. Trigg, et al.*, Case No. 5:24-cv-08597-EJD (the "*Chappel* Action"), *Powell v. Trigg, et al.*, Case No. 5:25-cv-03692-EJD (the "*Powell* Action"), and *Hodges v. Trigg, et al.,* Case No. 5:25-cv-04013-EJD (the "*Hodges* Action" and with the *Chappel* Action and the *Powell* Action, the "Related Derivative Actions").

The criteria for relation are met here. The *Johnson* Action, the Securities Class Action, and the Related Derivative Actions concern substantially the same parties, substantially similar facts, and "it appears likely that there will be an unduly burdensome duplication of labor and expense" if these cases are tried separately and before different judges.

Further, pursuant to Civil L.R. 7-11(a), Defendants in the Securities Class Action, Related Derivative Actions, and the *Johnson* Action do not oppose the relief requested in this Administrative Motion to Consider Whether Cases Should be Related. *See* Declaration of Laurence M. Rosen, ¶4, submitted herewith. Therefore, relation is proper under Civil L.R. 3-12.

## RELATED ACTIONS

The following actions were filed in the following order:

| Abbreviated Case Name | Case Number | Date Filed |
| --- | --- | --- |
| *In re Outset Medical, Inc. Sec. Litig.* | 5:24-cv-06124-EJD | 8/29/2024 |
| *Chappel v. Trigg, et al.,* | 5:24-cv-08597-EJD | 11/29/2024 |
| *Powell v. Trigg, et al.,* | 5:25-cv-03692-EJD | 4/28/2025 |
| *Hodges v. Trigg, et al.,* | 5:25-cv-04013-EJD | 5/8/2025 |
| *Johnson v. Trigg, et al.,* | 5:25-cv-05091-BLF | 6/16/2025 |

## LEGAL STANDARD

Pursuant to Civil L.R. 3-12(a), actions are defined as related when: (1) they "concern substantially the same parties, property, transaction or event;" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

## ARGUMENT

The criteria of Civil L.R. 3-12(a) are met here. The Securities Class Action, the Related Derivative Actions, and the *Johnson* Action address many of the same transactions and contain similar and overlapping sets of factual allegations as well as involve some of the same parties.

The Securities Class Action, the Related Derivative Actions, and the *Johnson* Action arise, at least in part, from the same allegedly false and misleading statements made by executives of Outset Medical, Inc. ("Outset" or the "Company"). The Securities Class Action alleges violations of the federal securities laws, specifically Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), by Outset and Defendants Leslie Trigg ("Trigg") and Nabeel Ahmed ("Ahmed"). The *Johnson* Action, like Related Derivative Actions, asserts violations of Section 14(a) of the Exchange Act, as well as, *inter alia,* breaches of fiduciary duties, unjust enrichment, abuse of control, and waste of corporate assets. The *Johnson* Action, like the Related Derivative Actions, alleges that Defendants Trigg and Ahmed and certain current and former officers and members of the Company's Board of Directors breached their fiduciary duties owed to Outset and its shareholders by making or causing the Company to make false and misleading statements to the investing public regarding the Company's business and operations, principally about regulatory approval and sales growth for the Company's Tablo and TabloCart products.

Given the similarities between these cases and the fact that these cases are pending in this District, treating them as related would serve the interests of judicial economy and avoid the potential for conflicting rulings on common issues. As the requirements of Civil Local Rule 3-12 are met, relation is appropriate. *In re Leapfrog Enterprises Inc. Sec. Litig.*, No. C 03 05421 RMW, 2005 WL 5327775, at \*1 (N.D. Cal. July 5, 2005) (relating cases where the cases concerned the same defendants, similar factual allegations, and similar causes of action).

Pursuant to Civil Local Rules 7-11(a) and 7-12, submitted herewith is a declaration whereby counsel for parties in the Securities Class Action have agreed that the *Johnson* Action should be related to the Securities Class Action. All such counsel further agree that the *Johnson Action* should be reassigned to this Court.

**<u>CONCLUSION</u>**

For the above-stated reasons, Plaintiff Johnson respectfully requests that pursuant to Civil Local Rule 3-12, the Court relate the *Johnson* Action to the Securities Class Action and the Related Derivative Actions.

Dated: June 25, 2025                                  Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Laurence M. Rosen*
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450

3
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
5:24-cv-06124-EJD

Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff Norman Johnson*

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
5:24-cv-06124-EJD

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the Electronic Mail Notice for this action.

*/s/Laurence M. Rosen*
Laurence M. Rosen

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
5:24-cv-06124-EJD