Nicole Lavallee (SBN 165755)
Kristin Moody (SBN 206326)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email:  nlavallee@bermantabacco.com
          kmoody@bernantabacco.con
          avahdat@bermantabacco.com

*Lead Counsel for Lead Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OUTSET MEDICAL, INC. SECURITIES LITIGATION | ) Case No. 5:24-cv-06124-EJD |
| | ) |
| | ) **CLASS ACTION** |
| | ) |
| | ) **LEAD PLAINTIFF'S RESPONSE TO** |
| | ) **ADMINISTRATIVE MOTION TO** |
| This Document Relates to: | ) **CONSIDER WHETHER CASES SHOULD** |
| ALL ACTIONS | ) **BE RELATED AND REQUEST FOR** |
| | ) **STAY OF DERIVATIVE CASES** |
| | ) |
| | ) Ctrm:      4 – 5th Floor |
| | ) Judge:     Hon. Edward J. Davila |
| | ) |
| | ) |

[Caption continued on following page]

NORMAN JOHNSON, Derivatively on Behalf of Nominal Defendant OUTSET MEDICAL INC.,

Plaintiff,

v.

LESLIE TRIGG, NABEEL AHMED, REBECCA CHAMBERS, KAREN DREXLER, D. KEITH GROSSMAN, PATRICK T. HACKETT, JIM HINRICHS, DALE E. JONES, ANDREA SAIA, ALI OSMAN, THOMAS J. CARELLA, and CATHERINE SZYMAN,

Defendants,

and

OUTSET MEDICAL, INC.,

Nominal Defendant.

Case No. 5:25-cv-05091-BLF

Judge Beth L. Freeman

Pursuant to Northern District of California Local Rules 3-12(e) and 7-11(b), Lead Plaintiff hereby submits this Response to the Administrative Motion to Consider Whether Cases Should be Related filed by Norman Johnson ("Johnson") (the "Motion") (ECF No. 48) and Request for Stay of Derivative Cases.

While the Motion states that, "counsel for parties in the Securities Class Action have agreed that the *Johnson* Action should be related to the Securities Class Action. All such counsel further agree that the *Johnson Action* should be reassigned to this Court," (Motion at 3), in fact, counsel for Lead Plaintiff in the Securities Class Action was never contacted by counsel for Johnson in connection with the Motion, much less reached any such agreement.

## I.    BACKGROUND

As an initial matter, Lead Plaintiff clarifies the procedural history relevant to the Motion. Since the securities class action was first initiated on August 29, 2024 (the "Securities Class Action"), four tag along derivative actions have been filed that rely on similar factual allegations. On November 29, 2024, Marie Chappel ("Chappel") filed a derivative action titled *Chappel v. Trigg, et al.,* No. 5:24-cv-08597-EJD (N.D. Cal.) (the "*Chappel* Derivative Action"). On April 28, 2025, Eric Powell ("Powell") filed a derivative action titled *Powell v. Trigg, et al.,* No. 5:25-cv-03692-PCP (N.D. Cal.) (the "*Powell* Derivative Action"). On May 8, 2025, Patrick Hodges ("Hodges") filed a derivative action titled *Hodges v. Trigg, et al.,* No. 5:25-cv-04013-EJD (N.D. Cal.) (the "*Hodges* Derivative Action") (the "*Hodges* Derivative Action," together with the *Chappel* Derivative Action and *Powell* Derivative Action, are collectively referred to as the "Related Derivative Actions"). On June 16, 2025, Johnson filed a derivative action titled *Johnson v. Trigg, et al.,* No. 5:25-cv-05091-BLF (N.D. Cal.) (the "*Johnson* Derivative Action") (the *Johnson* Derivative Action, together with the Related Derivative Actions, are collectively referred to as the "Derivative Actions").

On March 14, 2025, this Court related the *Chappel* Derivative Action to the Securities Class Action, (Related Case Order, ECF No. 40), after a March 13, 2025 referral from United States District Judge Eumi Lee for consideration of whether the *Chappel* Derivative Action is

related to the Securities Class Action (Referral for Purpose of Determining Relationship, ECF No. 39).

On March 25, 2025, pursuant to a stipulation by the plaintiff in the *Chappel* Derivative Action and the defendants, the Court stayed the *Chappel* Derivative Action through the resolution of an anticipated motion to dismiss in the Securities Class Action.  Order Granting Stipulation to Stay Derivative Action, *Chappel v. Trigg, et al.*, No. 5:24-cv-08597-EJD.

On June 9, 2025, Powell and Hodges filed an administrative motion to consider whether their cases should be related to the already related Securities Class Action and *Chappel* Derivative Action.  Admin. Mot. to Consider Whether Cases Should be Related, ECF No. 45.  On June 12, 2025, Lead Plaintiff filed its Statement in Response, stating that while it took no position on relation, each of the derivative actions should be stayed pending the final resolution of the Securities Class Action.  Pls.' Resp. & Clarification to Admin. Mot. ECF No. 45, ECF No. 46.  On June 16, 2025, the Court related the *Powell* Derivative Action and the *Hodges* Derivative Action to the already related Securities Class Action and *Chappel* Derivative Action but did not address Lead Plaintiff's request for a stay.

To date, the *Chappel* Derivative Action is the only Derivative Action that has been stayed.

## II.    ARGUMENT

Lead Plaintiff takes no position on whether the *Johnson* Derivative Action should also be related to the Securities Class Action and the Related Derivative Actions.  However, Lead Plaintiff respectfully requests that, should the Court deem relation of the *Johnson* Derivative Action appropriate, that the Court stay that action.  Lead Plaintiff requests that all four of the tag along Derivative Actions be stayed until final resolution of the Securities Class Action.

"Whether to issue a stay in a case is based on the trial court's sound discretion," and courts routinely stay derivative actions that follow on to securities class actions, recognizing the lack of significant harm to the derivative plaintiffs, the hardship or inequity in denying a stay, and the promotion of judicial economy in instituting a stay.  *In re RH S'holder Derivative Litig.*, No. 18-cv-02452-YGR, 2019 WL 580668, at *2 (N.D.  Cal.  Jan.  23, 2019).  Those three factors favor staying the Derivative Actions here until after final resolution of the Securities Class Action.

First, the plaintiffs in the Derivative Actions will suffer no significant harm if their litigation is stayed pending final resolution of the Securities Class Action. Each of the Derivative Actions bases its damages, in part, on the costs associated with Outset's defense of the Securities Class Action. *See, e.g.,* Verified Shareholder Derivative Complaint, ¶ 167, *Chappel v. Trigg, et al.,* No. 24-cv-08597-EJD. Thus, the full scope of damages in the Derivative Actions is not even fully discernible until final resolution of the Securities Class Action. Courts, including the Delaware Chancery Court, routinely recognize that allowing simultaneous securities and derivative cases in this situation would result in "unduly complicated, inefficient, and unnecessary" litigation and, thus, stay the derivative action pending final resolution of the securities case. *See Brenner v. Albrecht*, No. 6514–VCP, 2012 WL 252286, at *4 (Del. Ch. Jan. 27, 2012). A stay, moreover, poses no real risk of loss of evidence given that the overlap in the fact patterns in the cases will most likely result in Lead Plaintiff "develop[ing] evidence that will be useful to the plaintiffs in [the Derivative Actions] and the [Securities Class Action]." *Brudno v. Wise*, No. Civ.A. 19953, 2003 WL 1874750, at *5 & n.11 (Del. Ch. Apr. 1, 2003).

As to the second prong, "[t]he concerns of hardship and equity," courts have found that where simultaneous litigation of securities and derivative actions occur, the derivative action will "divert [defendant's] financial and management resources from the pending litigations against it." *In re Ormat Techs., Inc.*, No. 3:10-cv-00177-ECR-RAM, 2011 WL 3841089, at *4 (D. Nev. Aug. 29, 2011) (quoting *Breault v. Folino*, No. SACV010826GLTANX, 2002 WL 31974381, at *2 (C.D. Cal. Mar. 15, 2002)). Accordingly, courts have found that it is more pragmatic for the corporation "to devote its resources … exclusively to the Securities Class Action," thus, favoring to stay the derivative action. *Cucci v. Edwards*, No. SACV 07-532 PSG (MLGx), 2007 WL 3396234, at *2 (C.D. Cal. Oct. 31, 2007).

Third, a stay promotes judicial economy and conservation of judicial resources. Here, both the Securities Class Action and the Derivative Actions rely on similar factual claims so that resolution of these claims in the Securities Class Action will necessarily "simplify 'issues, proof, and questions of law' in the Derivative Action[s] and will therefore help preserve judicial resources and promote the orderly course of justice." *In re RH S'holder Derivative Litig.*,

2019 WL 580668, at *4 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). On the other hand, "simultaneous litigation will increase the cost of the overall litigation in the near term" and resolution of the Securities Class Action could streamline the issues or promote resolution of the Derivative Actions "saving litigation costs and court resources in the long term." *In re First Solar Derivative Litig.*, No. CV–12–00769–PHX–DGC, 2012 WL 6570914, at *2 (D. Ariz. Dec. 17, 2012).

As such, each of the three factors favor staying the Derivative Actions until final resolution of the Securities Class Action.

## III.    CONCLUSION

While Lead Plaintiff takes no position regarding whether the *Johnson*  Derivative Action should be related to the Securities Class Action and the Related Derivative Actions, should the Court deem relation proper, the action should be stayed.  Lead Plaintiff respectfully requests that all four Derivative Actions be stayed until final resolution of the Securities Class Action.

Dated: June 30, 2025

Respectfully submitted,

**BERMAN TABACCO**

By:   */s/ Kristin J. Moody*
          Kristin J. Moody

Nicole Lavallee
Alexander Vahdat
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
          kmoody@bernantabacco.con
          avahdat@bermantabacco.com

*Lead Counsel for Lead Plaintiff and the Proposed Class*