UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE OUTSET MEDICAL, INC. SECURITIES LITIGATION | Case No.   5:24-cv-06124-EJD **ORDER STAYING DERIVATIVE ACTIONS** |

Since this securities class action was first initiated on August 29, 2024 (the "Securities Class Action"), four tag along derivative actions have been filed and found related by the Undersigned: *Chappel v. Trigg, et al.*, No. 5:24-cv-08597-EJD (the "Chappel Derivative Action"); *Powell v. Trigg, et al.*, No. 5:25-cv-03692-EJD; *Hodges v. Trigg, et al.*, No. 5:25-cv-04013-EJD; and *Johnson v. Trigg, et al.*, No. 5:25-cv-05091-EJD (collectively, "Derivative Actions").  The Court stayed the Chappel Derivative Action on March 25, 2025, pursuant to a stipulation. Chappel Derivative Action, ECF No. 26.  No other stipulations or motions to stay have been filed in any other Derivative Action.[1]  Regardless, the Court *sua sponte* finds a stay of all Derivative Actions appropriate here.

A court's inherent power to control its docket also gives it the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "Whether to issue a stay in a case is based on the trial court's sound discretion and basic principles of equity, fairness, efficiency, and conservation of judicial resources." *In re Rh S'holder Derivative Litig.*, No. 18-CV-02452-YGR, 2019 WL 580668, at *2 (N.D. Cal. Jan. 23, 2019).  In deciding whether to exercise that power, courts weigh

---

[1] Lead Plaintiffs' request for a stay contained in their responses to the motions to consider whether cases are related does not constitute a duly noticed motion to stay.

Case No.: 5:24-cv-06124-EJD
ORDER STAYING DERIVATIVE ACTIONS

1

"the competing interests which will be affected by the granting or refusal to grant a stay," including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (internal quotation marks omitted) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Courts routinely stay derivative actions that follow securities class actions, recognizing the common lack of significant harm to the derivative plaintiffs, the hardship or inequity in denying a stay, and the promotion of judicial economy in instituting a stay. *In re RH S'holder Derivative Litig.*, 2019 WL 580668, at *2.

The Court finds all factors met here. First, plaintiffs in the Derivative Actions will suffer no significant harm if their litigation is stayed pending final resolution of the Securities Class Action. Each of the Derivative Actions bases its damages, in part, on the costs associated with Outset's defense of the Securities Class Action, making the full scope of damages in the Derivative Actions impossible to discern until final resolution of the Securities Class Action. Further, a stay also poses no real risk of loss of evidence. Given the overlap in facts, discovery produced in the Securities Class Action will likely be useful in the Derivative Actions as well.

Second, Defendants may be damaged without a stay—courts have found that where simultaneous litigation of securities and derivative actions occur, the derivative action will "divert [defendant's] financial and management resources from the pending litigations against it." *In re Ormat Techs., Inc.*, No. 3:10-cv-00177-ECR-RAM, 2011 WL 3841089, at *4 (D. Nev. Aug. 29, 2011) (quoting *Breault v. Folino*, No. SACV010826GLTANX, 2002 WL 31974381, at *2 (C.D. Cal. Mar. 15, 2002)). Accordingly, it is more pragmatic for the corporation "to devote its resources . . . exclusively to the Securities Class Action." *Cucci v. Edwards*, No. SACV 07-532 PSG (MLGx), 2007 WL 3396234, at *2 (C.D. Cal. Oct. 31, 2007).

Third, a stay promotes judicial economy and conservation of judicial resources. The Securities Class Action and the Derivative Actions rely on similar factual claims such that resolution of these claims in the Securities Class Action will necessarily "simplify 'issues, proof,

Case No.: 5:24-cv-06124-EJD
ORDER STAYING DERIVATIVE ACTIONS
2

and questions of law' in the Derivative Action[s] and will therefore help preserve judicial resources and promote the orderly course of justice." *In re RH S'holder Derivative Litig.*, 2019 WL 580668, at *4 (quoting *Lockyer*, 398 F.3d at 1110).

Accordingly, the Court **STAYS** *Powell v. Trigg, et al.*, No. 5:25-cv-03692; *Hodges v. Trigg, et al.*, No. 5:25-cv-04013; and *Johnson v. Trigg, et al.*, No. 5:25-cv-05091, until resolution of the anticipated motions to dismiss in the Securities Class Action.  The Parties shall notify the Court within thirty days after the occurrence of either of the following events and shall set forth in that notice the Parties' positions as to whether the stay should be lifted or continued: (1) the dismissal of the Securities Class Action with prejudice and exhaustion of all related appeals; or (2) the denial of any motion to dismiss the Securities Class Actions in whole or in part such that the Securities Class Action proceeds to discovery.  The Parties may seek to lift the stay even in the absence of a triggering event by filing an application with the Court setting forth the reasons the stay should be lifted.

**IT IS SO ORDERED.**

Dated: July 17, 2025

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No.: 5:24-cv-06124-EJD
ORDER STAYING DERIVATIVE ACTIONS

3