Sara B. Brody (SBN 130222)
sbrody@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

*Attorneys for Defendants*
*Outset Medical, Inc., Leslie Trigg,*
*Nabeel Ahmed, and Rebecca Chambers*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE OUTSET MEDICAL, INC. SECURITIES LITIGATION | Case No.  5:24-cv-06124-EJD<br>Assigned to: Hon. Edward J. Davila<br><br>**REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE OR, ALTERNATIVELY, JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:   January 22, 2026<br>Time:  9:00 a.m.<br>Place:  Courtroom 4, 5th Floor<br><br>AC Filed: June 6, 2025 |

## I.    INTRODUCTION

Pursuant to Federal Rule of Evidence 201(b) and the doctrine of incorporation by reference, Defendants Outset Medical, Inc., Leslie Trigg, Nabeel Ahmed, and Rebecca Chambers (together, "Defendants") respectfully submit this request for judicial notice and/or incorporation by reference of documents cited in their Motion to Dismiss the First Amended Class Action Complaint for Violations of the Federal Securities Laws and the accompanying memorandum of points and authorities, which are filed concurrently herewith. These documents are attached as exhibits to the concurrently-filed Declaration of Jaime A. Bartlett in Support of Defendants' Motion to Dismiss ("Bartlett Declaration"). Each document is properly subject to judicial notice and/or may be considered under the doctrine of incorporation by reference.

In cases arising under Section 10(b) of the Securities Exchange Act of 1934, courts routinely consider defendants' public statements because they "constitute the subject matter of the claim." *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (*Wochos I*). Accordingly, courts evaluating motions to dismiss Section 10(b) claims examine "what representations [defendants] made to the market." *Id*.; *see also Norfolk Cty. Ret. Sys. v. Solazyme, Inc.*, 2016 WL 7475555, at *1 n.1 (N.D. Cal. Dec. 29, 2016) (taking judicial notice of SEC filings, press releases and other investor communications showing that the "market was aware of information") (citation omitted). All documents attached to the Bartlett Declaration are "matters of public record" that are "not subject to reasonable dispute," and are thus appropriately considered under Rule 201(b). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citations and internal quotation marks omitted); Fed. R. Evid. 201(b).

Many of the documents attached to the Bartlett Declaration are also referenced or relied upon in the Amended Complaint (AC), and are thus also properly before the Court under the doctrine of incorporation by reference. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). In the list below, we provide parenthetical citations to the relevant paragraphs in the AC where applicable.

Exhibits 1 through 26 to the Bartlett Declaration are true and correct copies of the following:

1

1. **Exhibit 1**: Excerpts of Outset's Rule 424(b)(4) Prospectus filed with the SEC September 16, 2020 (¶¶ 91, 100, 102-103, 296). Defendants offer Exhibit 1 to demonstrate what Outset said to the market about the value proposition of the Tablo system, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements, including but not limited to cautionary language subjecting forward-looking statements to dismissal under the PSLRA.

2. **Exhibit 2**: Excerpts of Outset's S-1 Registration Statement filed with the SEC on August 21, 2020 (¶¶ 91, 100, 102-103, 296). Defendants offer Exhibit 2 to demonstrate what Outset said to the market about Tablo's FDA clearance for CRRT, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

3. **Exhibit 3**: Excerpts of Outset's Form 10-Q filed with the SEC on November 12, 2020 for the fiscal quarter ended September 30, 2020 (¶ 102, 112). Defendants offer Exhibit 3 to demonstrate what Outset said to the market about Tablo's FDA clearance for CRRT, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

4. **Exhibit 4**: Excerpts of Outset's Form 10-K filed with the SEC on February 23, 2022 for the fiscal year ended December 31, 2021 (¶ 151-52). Defendants offer Exhibit 4 to demonstrate what Outset said to the market about Tablo's FDA clearance for CRRT as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

5. **Exhibit 5**: Excerpts of Outset's Form 10-K filed with the SEC on February 13, 2023 for the fiscal year ended December 31, 2022 (¶ 188-89). Defendants offer Exhibit 5 to demonstrate what Outset said to the market about TabloCart, the FDA's observations from its January 2023 inspection of Outset's San Jose, California facility, and the FDA's authority as to how Outset marketed Tablo and TabloCart. Defendants also offer Exhibit 5 to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

6. **Exhibit 6**: Excerpts of Outset's Schedule 14A Proxy Statement filed with the SEC on April 21, 2021. Defendants offer Exhibit 6 for the purpose of providing the context relevant to stock sales to which Plaintiff refers in ¶ 308.

7. **Exhibit 7**: Excerpts of Outset's Schedule 14A Proxy Statement filed with the SEC on April 14, 2022. Defendants offer Exhibit 7 for the purpose of providing the context relevant to stock sales to which Plaintiff refers in ¶ 308.

8. **Exhibit 8**: Excerpts of Outset's Schedule 14A Proxy Statement filed with the SEC on April 13, 2023 (¶ 190). Defendants offer Exhibit 5 to demonstrate what Outset said to the market about TabloCart, and to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements. Defendants also offer Exhibit 8 for the purpose of providing the context relevant to stock sales to which Plaintiff refers in ¶ 308.

9. **Exhibit 9**: Excerpts of Outset's Schedule 14A Proxy Statement filed with the SEC on April 11, 2024. Defendants offer Exhibit 9 for the purpose of providing the context relevant to stock sales to which Plaintiff refers in ¶ 308.

10. **Exhibit 10**: Outset's Form 8-K filed with the SEC on March 9, 2021 (¶ 115). Defendants offer Exhibit 10 to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements, including but not limited to cautionary language subjecting forward-looking statements to dismissal under the PSLRA.

11. **Exhibit 11**: Outset's Form 8-K filed with the SEC on July 7, 2023 (¶¶ 9, 54, 205-207, 329). Defendants offer Exhibit 11 to demonstrate what Outset said to the market about the July 5, 2023 warning letter Outset received from the FDA, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

12. **Exhibit 12**: Outset's Form 8-K filed with the SEC on August 2, 2023 (¶¶ 184, 204, 210, 211, 218, 265, 329). Defendants offer Exhibit 11 to demonstrate what Outset said to the market about its pause in the shipment of TabloCart and its revenue, as well as to provide the

3

Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

13. **Exhibit 13**: Outset's Form 8-K filed with the SEC on October 12, 2023 (¶¶ 11, 225-27, 329). Defendants offer Exhibit 13 to demonstrate what Outset said to the market about its revenue, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

14. **Exhibit 14**: Outset's Form 8-K filed with the SEC on November 7, 2023 (¶¶ 11, 184, 204, 232, 265, 329). Defendants offer Exhibit 14 to demonstrate what Outset said to the market about its revenue, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

15. **Exhibit 15**: Outset's Form 8-K filed with the SEC on May 8, 2024 (¶¶ 253, 329). Defendants offer Exhibit 15 to demonstrate what Outset said to the market about its revenue, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

16. **Exhibit 16**:  Outset's Form 8-K filed with the SEC on August 7, 2024 (¶¶ 267, 329). Defendants offer Exhibit 14 to demonstrate what Outset said to the market about its revenue, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

17. **Exhibit 17**:  Warning Letter to Outset from the FDA dated July 5, 2023 (¶¶ 53, 183, 203, 264, 266). Defendants offer Exhibit 17 to demonstrate what the FDA said to Outset regarding its marketing practices, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

18. **Exhibit 18**:  Transcript from Outset's November 11, 2020 earnings call for Q3 2020 (¶¶ 107-109). Defendants offer Exhibit 18 to demonstrate what Trigg said to the market Tablo's clinical indications and treatment modalities, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

19. **Exhibit 19**:  Transcript from Outset's August 7, 2024 earnings call for Q2 2024. (¶¶ 268-70).

4

Defendants offer Exhibit 19 to demonstrate what Trigg said to the market about Outset's revenue and sales pipeline, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

20. **Exhibit 20**: Transcript from Outset's September 13, 2021 presentation at the Morgan Stanley 19th Annual Global Healthcare Conference (¶¶ 136-37). Defendants offer Exhibit 20 to demonstrate what Trigg said to the market about Tablo's clinical indications and treatment modalities, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

21. **Exhibit 21**: Transcript from Outset's February 18, 2022 presentation at the 11th Annual SVB Leerink Global Healthcare Conference 2022 (¶ 149). Defendants offer Exhibit 21 to demonstrate what Trigg said to the market about Tablo's clinical indications and treatment modalities, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

22. **Exhibit 22**:  Investor Presentation from Outset's May 5, 2021 earnings call for Q1 2021 (¶¶ 110, 125-26). Defendants offer Exhibit 22 to demonstrate what Outset said to the market about different care settings for hemodialysis, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

23. **Exhibit 23**:  Company Deep-Dive, *Nephrologist Does Not Think OM's Tablo Will Make it to the Home Dialysis Market*, AlphaSense Expert Insights (July 9, 2024) (¶ 88 n.4, ). Defendants offer Exhibit 23 for the purpose of providing the context relevant to the purported confidential witness statements to which Plaintiff refers in ¶ 88.

24. **Exhibit 24**:  Company Deep-Dive, *Former Sales Manager Sees Home Application as the Big Opportunity for OM*, AlphaSense Expert Insights (February 8, 2022) (¶ 62 n.2). Defendants offer Exhibit 24 for the purpose of providing the context relevant to the purported confidential witness statements to which Plaintiff refers in ¶¶ 62-68.

25. **Exhibit 25**:  Company update, *KOL Call Validates OM's Ability to 'Land and Expand' in the Hospital with Tablo*, TD Cowen Equity Res. (April 25, 2023) (¶ 85 n.3). Defendants offer

Exhibit 25 for the purpose of providing the context relevant to the purported confidential witness statements to which Plaintiff refers in ¶¶ 85-87.

26. **Exhibit 26**:  MAUDE Adverse Event Report: Outset Medical, Inc., FDA.gov (April 17, 2024), https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfmaude/detail.cfm?mdrfoi__id =19152767 (¶ 89 n.5). Defendants offer Exhibit 26 for the purpose of providing the context relevant to the purported confidential witness statements to which Plaintiff refers in ¶ 89.

## II.    LEGAL STANDARDS

On a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Courts may "judicially notice a fact that is not subject to reasonable dispute," even if it is not relied upon in the complaint, where it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts may consider such facts "at any stage of the proceeding," Fed. R. Evid. 201(d), "even if they are not referenced in the pleading, so long as they meet the requirements for judicial notice set forth in Federal Rule of Evidence 201." *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012) (citation omitted). Thus, "court[s] may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja*, 899 F.3d at 999 (internal quotation marks and citations omitted).

Moreover, under the doctrine of incorporation by reference, courts may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" on a motion to dismiss. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original) (internal quotation marks and citations omitted), *superseded by statute on other grounds as stated in In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1146 (9th Cir. 2017). A document may be incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *Khoja*, 899 F.3d at 1002 (citation omitted). This  "prevents plaintiffs from

selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* Documents incorporated by reference are treated "as though they are part of the complaint itself." *Id.*

### A.    Outset's SEC Filings Are Subject to Judicial Notice and Many Are Also Incorporated by Reference into the AC (Exhibits 1-16)

Exhibits 1-16 to the Bartlett Declaration are Outset SEC filings—specifically, excerpts of Outset's IPO Prospectus and S-1 Registration Statement, excerpts of Forms 10-Ks and 10-Qs, Forms 8-K, and excerpts of Schedule 14A Proxy Statements. Courts routinely take judicial notice of materials filed with the SEC, particularly in securities litigation. *E.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (SEC filings are proper subjects of judicial notice); *Kipling v. Flex Ltd.*, 2020 WL 7261314, at *7 (N.D. Cal. Dec. 10, 2020), *aff'd sub nom., Nat'l Elevator Indus. Pension Fund v. Flex Ltd.*, 2021 WL 610391 (9th Cir. 2021) (taking judicial notice of SEC filings); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are subject to judicial notice); *In re Intel Corp. Sec. Litig.*, No. 18-cv-00507-YGR, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("SEC filings are routinely subject to judicial notice."); *Wochos v. Tesla, Inc.*, No. 17-cv-05828-CRB, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) (*Wochos II*), *aff'd*, 985 F.3d 1180 (9th Cir. 2021) (documents filed with the SEC are "appropriate subjects of judicial notice"); *In re SolarCity Corp. Sec. Litig.,* 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (taking judicial notice of proxy statements in evaluating scienter).

Several of these SEC filings (Exhibits 1-5, 8, 10-16) are also appropriately before the Court because they are incorporated by reference into the AC. Plaintiff explicitly and extensively relies upon statements in these documents as the bases of the alleged misstatements in the Complaint. *E.g.*, ¶¶ 91, 100, 102-103, 112, 151-52, 188-89, 296. Plaintiff's allegations about Outset's SEC filings can be fairly adjudicated only in light of the actual text of Outset's statements. *Khoja*, 899 F.3d at 1002, 1007; *In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016) (where "[p]laintiffs expressly referred to these exhibits in the FAC, and relied on them as sources of the allegedly fraudulent statements" it was appropriate to consider them incorporated by reference).

7

**B.    Outset's Earnings Call and Presentation Transcripts Are Subject to Judicial Notice And/Or Incorporated by Reference Into The AC (Exhibits 18-22).**

Exhibits 18 through 22 to the Bartlett Declaration include transcripts from earnings calls and other investor presentations, as well as a slide deck from an earnings call. The accuracy of such documents "is not reasonably subject to dispute." *Wochos I*, 2018 WL 4076437, at *2. Outset's investor call and other presentation transcripts and materials are judicially noticeable for the purpose of determining what information was available to the market; courts consistently take notice of such materials in securities actions. *Id.*; *see also Kipling*, 2020 WL 7261314 at *7 (taking judicial notice of earnings calls transcripts); *Wochos II*, 2019 WL 1332395, at *2 ("earnings conference call transcripts" are appropriate subjects of judicial notice); *Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) (taking judicial notice of transcripts of CFO's appearance at industry conferences); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (taking judicial notice of an investor presentation).

The Court may also consider Exhibits 18-22 under the doctrine of incorporation by reference, as Plaintiff explicitly relies on the statements made by Defendants recorded in these transcripts and on representations in the slide decks as the bases of their claims. *E.g.* ¶¶ 107-109, 110, 125-26, 136-37, 149, 268-70. Documents are incorporated by reference where "[p]laintiffs expressly refer[] to these exhibits in the [complaint], and rel[y] on them as sources of the allegedly fraudulent statements." *Leapfrog*, 200 F. Supp. 3d at 993; *see also Khoja*, 899 F.3d at 1002. Because Plaintiff relies on and extensively quotes Exhibits 18-22 as the bases of its claims, the full text of these documents is properly before the Court. "Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript." *Colyer v. AcelRX Pharmaceuticals, Inc.*, No. 14-cv-04416-LHK, 2015 WL 7566809, at *3; *see also Khoja*, 899 F.3d at 1002 (same).

**C.    Government Websites and FDA Communications Are Proper Subjects of Judicial Notice And Are Also Incorporated by Reference into the AC (Exhibits 17 & 26).**

*Government Websites.* Exhibit 26 is an adverse event report filed in the Manufacturer and User Facility Device Experience (MAUDE) database, which is maintained by the FDA and publicly

8

accessible via the FDA's website. Plaintiff references this report in an attempt to treat its author as a confidential witness in the Amended Complaint. ¶ 89. The full report is properly subject to judicial notice, as documents available on government agency websites are routinely judicially noticed. *See e.g.*, *Michery v. Ford Motor Co.*, 650 F. App'x 338, 341 n.2 (9th Cir. 2016) (taking judicial notice of documents on a government website); *Ferraro Family Found., Inc. v. Corcept Therapeutics Inc.*, 501 F. Supp. 3d 735, 752 (N.D. Cal. 2020) ("documents found on government websites" were proper subjects of judicial notice).

*FDA Communications.* Exhibit 17 to the Bartlett Declaration is the July 5, 2023 warning letter from the FDA to Outset. This communication between the FDA and Outset is central Plaintiff's theory of the case—that Defendants concealed an off-label marketing scheme for the Tablo system from investors. ¶¶ 53, 183, 203, 264, 266. In addition to being publicly accessible on the FDA's website, courts have also regularly taken notice of such communications from the FDA. *See Wilson v. Frito-Lay N. Am.*, *Inc.*, 260 F. Supp. 3d 1202, 1207 (N.D. Cal. 2017) (taking judicial notice of FDA warning letters); *Sneed v. Procter & Gamble Co.*, 2025 WL 1017933, at *3 (N.D. Cal. Apr. 4, 2025) (taking judicial notice of warning letters sent from the FDA to other companies).

Plaintiff's allegations about the MAUDE report and FDA letter can be fairly adjudicated only in the full context of the documents themselves. *Khoja*, 899 F.3d at 1002. The incorporation by reference doctrine ensures that the Court can evaluate the relevant portions of the FDA letter and that Plaintiff will not improperly benefit by omitting information that undermines his allegations. *Id*.

**D.    Analyst Reports and Interviews Are Subject to Judicial Notice And/Or Incorporated by Reference into the AC (Exhibits 23-25).**

Exhibits 23-25 are analyst reports and interviews that Plaintiff uses throughout the AC in an attempt to bootstrap quotes or paraphrases from within the analyst publications into the AC as confidential witness statements. *See* ¶¶ 62 n.2, 85 n.3, 88 n.4. Courts frequently take judicial notice of reports like these. *See Reckstin Fam. Tr. v. C3.ai, Inc.*, 718 F. Supp. 3d 949, 967 (N.D. Cal. 2024) (taking judicial notice of analyst reports "to show what information was available to the market"); *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D.Cal. Mar. 3, 2011), *aff'd,* 729 F.3d 1104 (9th Cir. 2013) ("[C]ourts routinely take judicial notice of analyst reports ... to determine

9

what may or may not have been disclosed to the public.") *Waterford Twp. Police*, 321 F. Supp. 3d at 1144 (taking judicial notice of industry analyst reports); *Bodri*, 252 F. Supp. 3d at 921 (taking judicial notice of a Morgan Stanley research report).

These reports are also incorporated by reference because they form the basis of many of Plaintiff's falsity allegations. For example, throughout the AC, Plaintiff refers back to "Witness 1's statement [from Exhibit 24] that Outset's 'value proposition' marketing strategy included marketing Tablo for CRRT" as a basis for its core allegation: that Outset was engaged in (and concealed) an off-label promotion scheme. ¶¶ 181, 201, 262. Accordingly, these documents fall within the scope of those properly incorporated by reference. *Curry v. Yelp Inc.*, 2015 WL 1849037, at *4 (N.D. Cal. Apr. 21, 2015) (finding that documents are properly incorporated by reference when "Plaintiffs quote and cite to [those documents] at length in their complaint").

## III.    CONCLUSION

Defendants respectfully request that the Court take judicial notice of and/or consider under the doctrine of incorporation by reference the twenty-six exhibits referenced in this Request for Judicial Notice, attached to the Bartlett Declaration, and cited in Defendants' Motion to Dismiss.

Date:  August 14, 2025

Respectfully submitted,

**SIDLEY AUSTIN LLP**

By: */s/ Jaime A. Bartlett*
Sara B. Brody (SBN 130222)
Jaime A. Bartlett (SBN 251825)
Sarah E. Gallo (SBN 335544)

*Attorneys for Defendants*
*Outset Medical, Inc., Leslie Trigg,*
*Nabeel Ahmed, and Rebecca Chambers*