Nicole Lavallee (SBN 165755)
Kristin Moody (SBN 206326)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        kmoody@bernantabacco.con
        avahdat@bermantabacco.com

*Lead Counsel for Lead Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OUTSET MEDICAL, INC. SECURITIES LITIGATION | Case No. 5:24-cv-06124-EJD |
| | **CLASS ACTION** |
| This Document Relates to:<br>ALL ACTIONS | **LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** |
| | Date: January 22, 2026<br>Time: 9:00 a.m.<br>Place: Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila |
| | Consolidated Complaint Filed: June 6, 2025 |

## I.    INTRODUCTION AND FACTS

On August 14, 2025, defendants Outset Medical, Inc. ("Outset), Leslie Trigg ("Trigg"), Rebecca Chambers ("Chambers"), and Nabeel Ahmed ("Ahmed") (collectively, "Defendants") moved to dismiss Lead Plaintiff The Pension Fund Group's ("Plaintiff") Consolidated Complaint (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In connection with their motion to dismiss, Defendants asked this Court to take judicial notice of and/or incorporate by reference twenty-six exhibits (Dkt No. 56) ("Defs.' RJN") consisting of ***454 pages*** of document excerpts.

Plaintiff opposes four documents offered in support of Defendants' insider trading argument (MTD at 30), which are either not cited in the Complaint or irrelevant.  As to the remaining twenty-two exhibits, Plaintiff does not oppose the Court taking judicial notice of the publication of or the existence of the documents, but the Court should deny the requests to the extent Defendants do not proffer the documents for these purposes.

## II.    LEGAL STANDARD

"Generally, district courts may not consider materials outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).  Under Rule 12(b)(6), "[t]he Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff." *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1062 (C.D. Cal. 2012). Courts should not make factual determinations on a motion to dismiss.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005).  Rather, a court must assess the sufficiency of the allegations in the complaint, not the merits of the case.  *Walker v. City of Fresno*, 2010 WL 3341861, at *4 (E.D. Cal. Aug. 23, 2010) report and recommendation adopted sub nom. *Walker v. Fresno Police Dep't*, , 2010 WL 3853071 (E.D. Cal. Sept. 30, 2010); *see Grooms v. Legge*, 2009 WL 2031730, at *2 (S.D. Cal. July 8, 2009) ("On a motion to dismiss, it is not the court's function to weigh the evidence.").

There are limited exceptions to the rule that outside evidence may not be considered by the court. First, courts may take judicial notice of matters of public record to the extent permitted by Fed. R. Evid. 201. *Khoja*, 899 F.3d at 998. Importantly, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*. at 999. Second, the doctrine of incorporation by reference "permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleadings." *Gammel*, 905 F. Supp. 2d at 1061. However, "[t]he mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Khoja*, 899 F.3d at 999. As with judicial notice, the truth of the documents incorporated by reference should not be considered. *Gammel*, 905 F. Supp. 2d at 1061 ("[T]he Court will not consider [incorporation by reference] documents for the truth of the matters they assert.").

The Ninth Circuit noted "a concerning pattern in securities cases," namely "exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja*, 899 F.3d at 998. The Ninth Circuit cautioned against allowing defendants to improperly pile on documents at the motion to dismiss stage, stating that:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access. . . .If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief. Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine.

*Id.* at 998-99. The Court further noted that:

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless a district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint— accepted as true at the pleading stage—can easily topple otherwise cognizable claims.

*Id*. at *1003.

## III.    ARGUMENT

### A.    Defendants' Exhibits, Including Those Cited in the Complaint, May Not Be Offered For the Truth of the Matters Asserted Therein Or Any Other Improper Purpose

Defendants seek to incorporate by reference and/or judicial notice twenty-six exhibits, arguing these documents were either cited in the Complaint or are matters of public record. Defs.' RJN at 7-9. To the extent Defendants seek to introduce these exhibits for the truth of the matters asserted therein, to dispute factual issues, or for any other improper purpose, Plaintiff opposes judicial notice of the documents. *Khoja*, 899 F.3d at 999 (adjudicative facts are not subject to judicial notice, nor are documents entitled to be accepted for their truth); *Gammel*, 905 F. Supp. 2d at 1061 (incorporation by reference does not entitle documents to be accepted for their truth); *In re Lucid Grp., Inc. Sec. Litig.*, 2024 WL 3745605, at *5 (N.D. Cal. Aug. 8, 2024) (Court incorporated by reference documents referred to in plaintiff's complaint but "does not assume the truth of any facts stated [therein] to the extent they serve to dispute well-pleaded facts in the consolidated complaint.").

Courts should "only consider the SEC filings, press releases, and conference call transcripts that Plaintiff alleges contain false and/or misleading statements for the purpose of determining what was disclosed to the market." *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019). Plaintiff does not object to judicial notice of such documents solely for this limited purpose. However, given that Plaintiff alleges the documents contain false statements, it would be untenable to embrace the contents of the very same filings as true. Moreover, to the extent Defendants rely on these documents for their purported cautionary language, that is futile as the cautionary language was not meaningful or directly

related to the issues and misrepresentations identified by Plaintiff, and, in fact, themselves contain false and misleading statements.

To the extent Defendants rely on the documents for their other futile arguments, they are equally unavailing. For example, Defendants' argument that they disclosed to investors that Tablo is not cleared for CRRT, *see. e.g.* RJN at 2*,* is a nonstarter. Plaintiff does not allege that Defendants misled the market that Tablo was cleared for CRRT but, rather, that the market was misled about Outset's undisclosed management-directed off-label marketing. Likewise, Defendants' assertions, *inter alia*, that they disclosed their marketing practices or the FDA issues and their impact, *see. e.g.* RJN at 3-6, are thoroughly belied by their actual statements and the well-pled allegations, including detailed witness accounts that Outset was marketing Tablo off-label for CRRT and then began to internally eliminate that off-label marketing after the FDA Letter.

**B.      Defendants' Exhibits In Support Of Their Insider Trading Argument Are Either Not Cited In The Complaint Or Irrelevant**

In support of Defendants' argument concerning insider trading, Defendants seek judicial notice of Defs.' RJN Exhibits 6-9 (Schedule 14A filed with the SEC on April 21, 2021, Schedule 14A filed on April 14, 2022, Schedule 14A filed on April 13, 2023, and Schedule 14A filed on April 11, 2024) to argue that Defendant Trigg retained certain percentages of her stock holdings in Outset. MTD at 30. Exhibits 6, 7, and 9 are not cited in the Complaint, and Exhibit 8 was cited only as to its statement that TabloCart was a non-medical accessory. ¶190. These documents are irrelevant and should not be noticed or incorporated by reference. Moreover, the argument ignores the suspicious timing of the $30 million in sales Trigg did make.

To the extent the Court does take judicial notice of these exhibits, it should not do so for the truth of the matters asserted therein. *Khoja*, 899 F.3d at 999; *Lawson v. Klondex Mines Ltd.,* 450 F. Supp. 3d 1057, 1071 (D. Nev. 2020) (District court took judicial notice of proxy statement "only to determine what the document stated and does not accept as true the facts contained therein.").

In any event, these exhibits do nothing to overcome Plaintiff's well-pled allegations.

IV.    CONCLUSION

For the reasons stated above, Plaintiff respectively requests that the Court deny, in part, Defendants' Request for Judicial Notice.

Dated: October 6, 2025

Respectfully submitted,
**BERMAN TABACCO**


By:    _/s/ Kristin J. Moody_
          Kristin J. Moody

Nicole Lavallee
Alexander Vahdat
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        kmoody@bernantabacco.con
        avahdat@bermantabacco.com

_Lead Counsel for Lead Plaintiff and the Proposed Class_