Nicole Lavallee (SBN 165755)
Kristin Moody (SBN 206326)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
       kmoody@bernantabacco.con
       avahdat@bermantabacco.com

*Lead Counsel for Lead Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OUTSET MEDICAL, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 5:24-cv-06124-EJD<br><br>**CLASS ACTION**<br><br>**LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE APPENDIX A TO DEFENDANTS' MOTION TO DISMISS (DKT NO. 55-1)**<br><br>Date: January 22, 2026<br>Time: 9:00 a.m.<br>Place: Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila<br><br>Consolidated Complaint Filed: June 6, 2025 |
| This Document Relates to:<br>ALL ACTIONS | | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 22, 2026 at 9:00 a.m., or as soon as the matter may be heard, in Courtroom 4 on the 5th Floor of the United States District Court for the Northern District of California, located at 280 South First Street, San Jose, California 95113 before the Honorable Edward J. Davila, Lead Plaintiff The Pension Fund Group ("Plaintiff"), will respectfully move this Court for an order striking Appendix A to the Motion to Dismiss the First Amended Complaint ("Motion to Dismiss") filed by Defendants Outset Medical, Inc., Leslie Trigg, Rebecca Chambers, and Nabeel Ahmed (collectively, "Defendants").  Dkt. No. 55-1.  This Motion is based on this Notice; the accompanying Memorandum, and the supporting evidence filed herewith; the Court's file in this action; and other argument or evidence presented at the hearing on the Motion.

## I.      STATEMENT OF ISSUES

Whether Appendix A (Dkt.  No. 55-1) to Defendants' Motion to Dismiss (Dkt. No. 55) should be stricken from the Court's docket for exceeding the stipulated page limits for the motion to dismiss briefing and inaccurately depicting Plaintiff's allegations concerning falsity.

## II.     INTRODUCTION

Plaintiff respectfully submits this memorandum in support of its Motion to Strike Appendix A to the Motion to Dismiss.  Defendants' 27-page Appendix misstates Plaintiff's allegations rather than provide any sort of objective aid to the Court and thus serves as nothing more than impermissible additional pages to Defendants' argument in support of their motion to dismiss and a misrepresentation of Plaintiff's allegations in the Consolidated Complaint ("Complaint").

For the reasons discussed herein, Plaintiff respectfully requests that the Court strike from the record and not consider Appendix A.

## III.    ARGUMENT

Courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  District courts also "have the inherent

[No. 5:24-cv-06124-EJD] LEAD PLAINTIFF'S MOTION TO STRIKE APPENDIX A TO MOTION TO DISMISS

1

power to control their docket," including the power to strike pleadings, exhibits, and other documents. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *see also Smith v. Frank*, 923 F.3d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed including ... striking the offending pleading.").

Courts routinely strike appendices that serve as an "unsubtle vehicle for deliberately circumventing the page limits imposed on the parties' briefing." *Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 5746364, at *4 n.3 (N.D. Cal. Sept. 30, 2016), *reconsideration denied*, 2017 WL 2833997 (N.D. Cal. June 30, 2017).  For example, in *Cheng Jiangchen v. Rentech, Inc.*, the court found that whatever the proposed appendix's intended purpose, "the chart allows Defendants to make further arguments in violation" of the local rules.  2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017).  Likewise, the court in *In re Acadia Pharmaceuticals, Inc. Sec. Litig.* struck an appendix summarizing plaintiffs' false statements, concluding the chart was "simply an extension of Defendants' argument."  2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020).

For the instant motion to dismiss, the parties stipulated to, and the Court granted, page limits in excess of the 25-page limit prescribed by Local Rule 7-2.  *See* Dkt. No. 43.  On August 14, 2025, Defendants filed a 35-page memorandum in support of their motion to dismiss.  Dkt. No. 55.  Defendants also filed a 27-page chart of Plaintiff's alleged false statements as Appendix A, purportedly to serve as an aid to the Court.  Dkt. No. 55-1.  However, Appendix A mischaracterizes Plaintiff's allegations by failing to accurately cite the Complaint's allegations regarding falsity and, in fact, ignoring the vast majority of the substantive falsity allegations.  It also does not clearly include reference to all the false statements and the falsity allegations that support them as some of the statements were repeated throughout the Class Period.

For example, Defendants' Statement No. 1 references Paragraph 102 of the Complaint, which states:

> In the IPO Offering Documents and throughout the Class Period, the Company represented that it did not engage in off-label marketing, stating that "[a]lthough ***our policy is to refrain from statements that could be considered off-label promotion of Tablo,*** the FDA or another regulatory agency could disagree and conclude that we have engaged in off-label promotion." This statement was

repeated throughout the Class Period in the following documents: the Q3 2020 Form 10-Q, the FY 2020 Form 10-K, the SPO Offering Documents, the FY 2021 Form 10-K, the FY 2022 Form 10-K, and the FY 2023 Form 10-K.

Dkt No. 55-1 at p.1, citing Compl. at ¶ 102.  Appendix A then cites to Paragraphs 177, 197, and 258 of the Complaint as the "Falsity Allegations" without further explanation.  *Id.*  However, those cited paragraphs serve only as a short summary of why certain statements are false, but not the allegations that support them.  Defendants' Appendix A fails to reference the many allegations that detail why the statement was false.  *See*, e.g. Compl. ¶¶ 49-89, 181-184. Accordingly, the improper and argumentative nature of Defendants' Appendix is clear – it misleadingly implies that Plaintiff's falsity allegations are circumscribed to a handful of paragraphs in the Complaint when, in fact, the allegations are far more robust.

Defendants also do not clearly include reference to false statements that were repeated during the Class Period.  *See, e.g.,* ¶ 102 (false statement that Company's "policy is to refrain from statements that could be considered off-label promotion of Tablo" repeated seven times during the Class Period).  Each of these instances represents an actionable false or misleading statement.  *York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP Inc.*, 738 F. Supp. 3d 1182, 1201–02 (N.D. Cal. 2024).

Accordingly, Appendix A serves as an improper extension to Defendants' briefing on the motion to dismiss and wholly misrepresents the well-pled falsity allegations.  *Cheng Jiangchen*, 2017 WL 10363990, at *4.  To the extent the Court finds it helpful to review an index of the Complaint's false statements, Plaintiff respectfully submits its own appendix accompanying this motion that reflects an accurate summary of the Consolidated Complaint's allegations ("Plaintiff's Corrected Appendix").  This appendix accurately reflects the Complaint's allegations by:

(1) accurately citing all the Complaint's allegations illustrating the falsity of Defendants' statements and attaching Exhibits A and B with the specific allegations referred to in the appendix; and

(2) referencing each instance in which the Defendants make a false or misleading statement, including those that were repeated during the Class Period.[1]

## IV.    CONCLUSION

Plaintiff respectfully requests the Court strike Defendants' Appendix A from the docket as improper argument exceeding the Court-ordered page limits for the motion to dismiss briefing.

Dated: October 6, 2025                          Respectfully submitted,


                                                **BERMAN TABACCO**


                                                By:   _/s/ Kristin J. Moody_
                                                          Kristin J. Moody

                                                Nicole Lavallee
                                                Alexander Vahdat
                                                425 California Street, Suite 2300
                                                San Francisco, CA 94104
                                                Telephone: (415) 433-3200
                                                Facsimile: (415) 433-6382
                                                Email: nlavallee@bermantabacco.com
                                                        kmoody@bernantabacco.con
                                                        avahdat@bermantabacco.com

                                                *Lead Counsel for Lead Plaintiff and the Proposed Class*

---

[1] For ease of reference, Plaintiff's Corrected Appendix uses the same numbering as Appendix A but denotes repeated statements as 1(a), 1(b), 1(c), etc.

[No. 5:24-cv-06124-EJD] LEAD PLAINTIFF'S MOTION TO STRIKE APPENDIX A TO MOTION TO DISMISS

4