Sara B. Brody (SBN 130222)
sbrody@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

*Attorneys for Defendants*
*Outset Medical, Inc., Leslie Trigg,*
*Nabeel Ahmed, and Rebecca Chambers*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE OUTSET MEDICAL, INC. SECURITIES LITIGATION | Case No.  5:24-cv-06124-EJD<br>Assigned to: Hon. Edward J. Davila<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS; SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**<br><br>Date:   January 22, 2026<br>Time:   9:00 a.m.<br>Place:   Courtroom 4, 5th Floor<br><br>AC Filed: June 6, 2025 |

## I.   INTRODUCTION

Plaintiff does not dispute that all twenty-six documents identified in Defendants' Outset Medical, Inc. ("Outset"), Leslie Trigg, Rebecca Chambers, and Nabeel Ahmed's (collectively, "Defendants") Request for Judicial Notice (Dkt. 56, hereinafter "RJN") are (1) public SEC filings whose authenticity is not in question, and/or (2) documents quoted extensively in the Amended Complaint (Dkt. 50, hereinafter "AC"). Courts in this District regularly consider these documents on a motion to dismiss. *See, e.g., Ikeda v. Baidu, Inc.*, No. 20-CV-02768-LHK, 2021 WL 1299046, at *5 (N.D. Cal. Apr. 7, 2021) (taking judicial notice of SEC filings, earnings calls, and presentations made "'publicly available to reasonable investors at the time the defendant[s] made the allegedly false statements'") (citation omitted); *In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016) (where "[p]laintiffs expressly referred to these exhibits in the [First Amended Complaint], and relied on them as sources of the allegedly fraudulent statements" it was appropriate to consider them incorporated by reference).

Rather, Plaintiff's Opposition to the Defendants' Request for Consideration and Judicial Notice (Dkt. 59, hereinafter "RJN Opposition" or "RJN Opp.") raises two narrow objections. First, Plaintiff objects that, "to the extent" Defendants rely on the exhibits "for the truth of the matters asserted therein, to dispute factual issues, or for any other improper purpose," judicial notice would be inappropriate. RJN Opp. at 3–4. That objection mischaracterizes Defendants' request. The exhibits are offered only to show what was disclosed to investors and to provide context for the challenged statements, not to contradict Plaintiff's allegations or resolve factual disputes.

Second, Plaintiff challenges four SEC Schedule 14A proxy statements (Exs. 6–9) as "not cited in the Complaint" and "irrelevant." RJN Opp. at 4–5. Neither contention has merit. Courts routinely take judicial notice of SEC proxy statements as public records whose accuracy cannot reasonably be questioned, whether or not they are cited in a complaint. These proxy statements bear directly on Plaintiff's scienter theory because they reflect Defendant Trigg's overall stock ownership and exercisable options, providing necessary context for evaluating her stock-sale allegations and Plaintiff's scienter theory.

Plaintiff's RJN Opposition simply rehashes arguments from the Opposition to the Motion to

1

Dismiss, disputing Defendants' use of the documents rather than addressing the propriety of judicial notice. Defendants' Request should be granted.

Finally, Defendants ask the Court to take judicial notice of two additional documents. Reply Exhibits 1 and 2 are complaints underlying motion to dismiss rulings discussed by Plaintiff in its Opposition to Defendants' Motion to Dismiss the Amended Complaint. Because they are public filings, their authenticity cannot be disputed.

## II. ARGUMENT

### A. The Exhibits Are Properly Before the Court Under the Doctrines of Judicial Notice and Incorporation by Reference.

Plaintiff misleadingly opposes Defendants' Request for Incorporation by Reference and/or Judicial Notice of the twenty-six exhibits attached to the RJN, arguing that to the extent Defendants seek to introduce them "for the truth of the matters asserted therein, to dispute factual issues, or for any other improper purpose," judicial notice would be inappropriate. RJN Opp. at 3–4. But Defendants are not introducing them for those purposes.  As detailed in Defendants' Request, the Court may consider each of the exhibits because they are either incorporated by reference in the Complaint or proper subjects of judicial notice. RJN at 2–4.

Plaintiff does not dispute that Exhibits 1–5, 8, and 10–26 are properly before the Court under the doctrine of incorporation by reference or, where applicable, judicial notice. RJN Opp. at 2–4. Plaintiff's objection merely reiterates arguments raised in its Opposition to Defendants' Motion to Dismiss—concerning whether Plaintiff has alleged an off-label marketing scheme and whether Defendants failed to disclose such a scheme—and further mischaracterizes Defendants' use of the exhibits. Defendants cite these materials, all referenced in or integral to the Complaint, not for the truth of their contents but to provide context for the challenged statements and to show what was disclosed to investors at the time. This use is consistent with the doctrine of incorporation by reference, which "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see also In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-cv-02019-EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (noting

2

that *Khoja* does not prevent analyzing an alleged false statement in context); *Colyer v. Acelrx Pharms., Inc*., 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript.").

Plaintiff's citations to the Motion confirm this mischaracterization. Plaintiff points to portions referencing filings with "cautionary language" and statements that "Tablo is not cleared for CRRT," claiming such reliance is "futile." RJN Opp. at 3–4. Those materials are cited only to show what Defendants disclosed to investors and what was publicly known when the alleged misstatements were made. Courts in this District routinely consider such materials for that limited purpose at the pleading stage. *See, e.g., Sanders v. RealReal, Inc*., No. 19-cv-07737-EJD, 2021 WL 1222625, at *4 (N.D. Cal Mar. 31, 2021) (considering SEC filings, transcripts, and a press release "to show that certain information was available to investors in the market"); *Iron Workers Local 580 Joint Funds v. NVIDIA Corp*., No. 18-cv-07669-HSG, 2020 WL 1244936, at *5 (N.D. Cal. Mar. 16, 2020) ("The Court will consider the SEC filings . . . , earnings call transcripts, and articles that Plaintiffs allege contain false and/or misleading statements for the purpose of determining what was disclosed to the market."); *Bodri v. GoPro, Inc.,* 252 F. Supp. 3d 912, 924 (N.D. Cal. 2017) (considering disclosures in a conference call transcript to conclude that alleged misstatements were not false or misleading in context).

Moreover, Plaintiff's assertion that it would be "untenable" for the Court to consider the contents of the same public filings they allege contain false or misleading statements is meritless. RJN Opp. at 3. Courts in this Circuit routinely consider public materials at the pleading stage for the limited purpose of determining what was disclosed to the market and the context in which the alleged misstatements were made. *Khoja,* 899 F.3d at 999–1003; *In re Eventbrite,* 2020 WL 2042078, at *7. Plaintiff's contention that these documents contain misstatements does not bar the Court from reviewing the documents for this important context. To hold otherwise, as Plaintiff suggests, would prevent any court from ever evaluating the very materials Plaintiff selectively cites to plead its claims.

///

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE – CASE NO. 5:24-CV-06124-EJD

**B.      The Proxy Statements Are Properly Subject to Judicial Notice and Provide Relevant Context for Plaintiff's Insider-Trading Allegation.**

Plaintiff contends that Exhibits 6 through 9—four SEC Schedule 14A proxy statements submitted to rebut the AC's conclusory and unsupported scienter allegations against Defendant Trigg—should not be considered because they are "irrelevant" and "not cited in the Complaint." RJN Opp. at 4. But neither point provides a basis to deny judicial notice. As noted above, SEC filings, including proxy statements, are generally considered to be public records whose accuracy cannot reasonably be questioned, regardless of whether they are specifically referenced in a complaint. Fed. R. Evid. 201(b); *see also In re Bare Escentuals, Inc. Sec. Litig.,* 745 F. Supp. 2d 1052, 1066-67 (N.D. Cal. 2010) ("The court is . . . permitted to take judicial notice of the content of relevant public disclosure documents required to be filed with the SEC."). Ultimately, Plaintiff does not explain why the proxy statements would be irrelevant because they cannot. The proxy statements are plainly relevant to Plaintiff's trading-related scienter allegations because they disclose Trigg's total stock ownership and exercisable options. Where Plaintiff has alleged that the "unusual" amounts of Trigg's stock trades evidence her scienter, the total amounts of Trigg's holdings throughout the Class Period provide necessary, undisputed context regarding Defendants' trading capacity and stock ownership. *See e.g.,* AC ¶ 311. In the Ninth Circuit, when assessing whether insider stock sales support an inference of scienter, courts consider the proportion of shares sold in relation to the total trading potential—that is, the shares owned plus exercisable options. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) ("When evaluating stock sales, we have held that the proportion of shares actually sold by an insider to the volume of shares he could have sold is probative of whether the sale was unusual or suspicious"); *Ronconi v. Larkin,* 253 F.3d 423, 435 n.25 (9th Cir. 2001), *abrogated on other grounds by, Cai v. Eargo, Inc.*, No. 23-3470, 2025 WL 66041 (9th Cir. Jan. 10, 2025) ("Stock options should be considered in calculating the percentage of shares sold unless the insider could not have exercised them"). Plaintiff's blanket assertion of "irrelevance" does not justify excluding materials that are proper subjects of judicial notice and directly inform the scienter analysis.

///

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE – CASE NO. 5:24-CV-06124-EJD

**III. SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**

In their Reply in Support of Defendants' Motion to Dismiss, Defendants cite two additional exhibits. In each instance, Defendants cite these exhibits in responding to points raised in Plaintiff's opposition to their motion to dismiss.

The two documents are both "matters of public record" and are appropriately before the Court as a matter of judicial notice. *Khoja*, 899 F.3d at 999. By way of further description, Reply Exhibits 1 and 2 are true and correct copies of the following:

**Reply Exhibit 1:** Excerpts from the Fifth Consolidated Amended Class Action Complaint, ECF No. 234, *In re Gilead Sciences Sec. Litig.*, No. 3:03-cv-04999-SI (N.D. Cal. July 10, 2009). Defendants offer the exhibit for the purpose of providing additional context regarding the *Gilead* plaintiffs' allegations of an off-label marketing scheme.

**Reply Exhibit 2:** Excerpts from the Amended Consolidated Securities Class Action Complaint, ECF No. 88, *City of Roseville Emps. Ret. Sys. v. Horizon Lines, Inc. et al*, No. 1:08-cv-00969-HB (D. Del. Dec. 23, 2009). Defendants offer the exhibit for the purpose of providing additional context regarding the *Horizon* plaintiffs' allegations of a price-fixing scheme.

Reply Exhibits 1 and 2 are complaints from cases discussed by Plaintiff in its Opposition to Defendants' Motion to Dismiss the Amended Complaint. Such pleadings are judicially noticeable because they are "court filings and other matters of public record" whose authenticity cannot be disputed. *See* Fed. R. Evid. 201(b); *Duke v. City College of San Francisco*, 445 F. Supp. 3d 216, 224 (N.D. Cal. 2020) (holding that a state court complaint was noticeable because "the court may judicially notice court documents already in the public record and filed in other courts"); *Markel v. Union of Orthodox Jewish Congregations of Am.*, 648 F. Supp. 3d 1181, 1185 (C.D. Cal. 2023) (taking judicial notice of publicly available court filings).

**IV. CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider Reply Exhibits 1 and 2 under the doctrines of judicial notice, and grant their previous request for judicial notice and/or incorporation by reference of Exhibits 1 through 26.

///

5

Date:  November 17, 2025

Respectfully submitted,

**SIDLEY AUSTIN LLP**


By:*/s/ Jaime A. Bartlett*
      Sara B. Brody (SBN 130222)
      Jaime A. Bartlett (SBN 251825)
      Sarah E. Gallo (SBN 335544)

*Attorneys for Defendants*
*Outset Medical, Inc., Leslie Trigg,*
*Nabeel Ahmed, and Rebecca Chambers*

6