Sara B. Brody (SBN 130222)
sbrody@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

*Attorneys for Defendants*
*Outset Medical, Inc., Leslie Trigg,*
*Nabeel Ahmed, and Rebecca Chambers*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE OUTSET MEDICAL, INC. SECURITIES LITIGATION | Case No.  5:24-cv-06124-EJD<br>Assigned to: Hon. Edward J. Davila<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPENDIX A TO DEFENDANTS' MOTION TO DISMISS (DKT NO. 55-1)**<br><br>Date:    January 22, 2026<br>Time:   9:00 a.m.<br>Place:   Courtroom 4, 5th Floor<br><br>AC Filed: June 6, 2025 |

## I.    INTRODUCTION

Shareholder class action complaints have become increasingly sprawling and complex, and Plaintiff's 362-paragraph Amended Complaint ("AC") is no exception. *See* ECF No. 50. To help the Court navigate the eighty-seven statements Plaintiff claims are false or misleading, Defendants prepared a chart reproducing those statements verbatim from the AC (with Plaintiff's original emphasis preserved) and adding columns identifying the date, source, speaker, and a categorical reference to the subject matter of each statement (e.g., "Value Proposition" statements refer to the challenged statements concerning Tablo's value proposition). ECF No. 55-1. The sole purpose of Attachment A is to facilitate efficient discussion of the allegations on a challenged statement-by-challenged statement basis. Such charts are common practice in this jurisdiction.

Plaintiff moves to strike Appendix A contending that it improperly includes "argument" because it (1) omits the full text of Plaintiff's allegations in the AC explaining why each statement is allegedly false, and (2) does not reference every instance in which each purportedly false or misleading statement was made in an SEC filing. Neither contention is true or a reason for the Court to strike Appendix A and, of course, the Court need only use Appendix A to the extent it finds it helpful.

More troubling, however—and the true reason that Plaintiff has filed this Motion to Strike—is Plaintiff's proposed competing chart, which itself is only discernible if the Court also cross references two additional charts of content purportedly drawn from the AC. *See* ECF No. 60-1, 60-2, 60-3. Plaintiff's insistence that three additional charts are necessary for the Court to follow their allegations only underscores the disorganization of their pleadings. And, this supplemental submission is not designed to aid the Court. It is designed to give a false impression that the AC is coherent and complete. In other words, Plaintiff's submission is itself argument.

The Court should deny Plaintiff's Motion to Strike Appendix A and disregard Plaintiff's alternative charts.

## II.    ARGUMENT

### A.    Appendix A Does Not Contain Argument and is Accurate.

*First*, Defendants prepared Appendix A to assist the Court and parties to easily and

1

consistently reference the eighty-seven statements in Plaintiff's AC by number. Judges in this District often require statement-by-statement charts in shareholder class actions. (*See, e.g.*, Civil Standing Orders of Judges Gonzalez Rogers, Martinez-Olguin, and Lin.) And, when plaintiffs omit such charts from their complaint, it is also common for the defendants to provide one, such as Appendix A, to aid the parties and the court in considering the alleged challenged statements. In fact, some courts have upon reviewing a complaint, instructed plaintiffs—not defendants—to include a chart and the reasons each statement is allegedly false. *See e.g., Ng v. Berkeley Lights, Inc.*, No. 21-cv-09497-HSG, 2024 WL 695699, at *19 (N.D. Cal. 2024); *Shnayder v. Allbirds, Inc.*, No. 23-cv-01811-AMO, 2024 WL 2125598, at *2 (N.D. Cal. May 10, 2024) (granting motion to dismiss where plaintiffs failed to specify which portions of the challenged statements were allegedly misleading and directing plaintiffs to file, within 14 days of the second amended complaint, a chart identifying each allegedly misleading statement). Appendix A is, accordingly, an acceptable submission to make alongside a memorandum of points and authorities.

*Second*, the content of Appendix A ties directly back to the AC. One column simply organizes the alleged misstatements into the same categories of falsity that Plaintiff used in the AC and that Defendants used in their Motion to Dismiss. Rather than reproduce long excerpts from the AC, Defendants used concise shorthand and included citations to the paragraphs of the AC in which Plaintiff states its falsity allegations for each challenged statement. For example, where that column noted that "Tablo's value proposition" was the category of falsity allegation, it cited ¶¶ 179, 199, and 260, each of which set out Plaintiff's argument that the statements regarding Tablo's strong "value proposition…were materially false and misleading when made because they failed to disclose that this value proposition was being fueled by off-label marketing of Tablo for CRRT." *See id.* That Defendants did not lift the entirety of Plaintiff's allegations of falsity from the AC into their reference chart does not transform Appendix A into argument.

*Third*, Plaintiff's authorities do not support its claim that Defendants improperly extended their argument by grouping the alleged misstatements according to the categories of falsity set out in the AC. Plaintiff repeatedly cites *Cheng Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMx), 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017), yet never explains how that case is comparable

2

to Appendix A here. In *Cheng Jiangchen*, the court struck an appendix that "highlight[ed] what Defendants contend[ed] [we]re defects in Plaintiff's pleadings." *Id*. Appendix A does no such thing. The section Plaintiff challenges as "argument" merely cites the corresponding paragraphs of the AC, without analysis or commentary.

Plaintiff's reliance on *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-cv-04984-JST, 2016 WL 5746364, at *4 n.3 (N.D. Cal. Sept. 30, 2016), is similarly misplaced. *Tempur-Sealy* was a consumer class action at the class-certification stage, and the appendix there was a three-column chart juxtaposing quotations from Defendants' brief, deposition excerpts, and "Plaintiffs' own argumentative responses." *Id*. Again, Plaintiff offers no meaningful comparison, likely because any such comparison would only highlight the weakness of its claim that Appendix A improperly extends Defendants' argument.

*Fourth*, Plaintiff also moves to strike Defendants' chart on the ground that it does "not clearly include reference to false statements that were repeated during the Class Period." That claim is wrong. Appendix A contains footnotes stating every instance in which a given statement was repeated. *See, e.g.,* ECF No. 55-1 at 1 n.2. Plaintiff relies on *York Cnty. on Behalf of Cnty. of York Retirement Fund v. HP Inc.*, 738 F. Supp. 3d 1182, 1201–02 (N.D. Cal. 2024), to argue that each repetition of a statement constitutes a separate actionable misrepresentation. But *York* addressed a different issue—whether the statute of limitations barred claims based on a statement first made outside the limitations period but later republished within it. *Id.* Here, repetition does not change the analysis, because Plaintiff alleges no particularized facts about any specific instance of the repeated statements, which point is addressed in Defendants' motion papers. Appendix A is accurate.

In the end, this dispute over the charts underscores a central flaw in Plaintiff's pleadings— one Defendants have already identified in their Motion to Dismiss briefing: the Complaint's structure makes it nearly impossible to discern which statements Plaintiff claims are misleading. ECF No. 63 at 13–14. Had the Complaint been organized and coherent, Defendant's chart would not be needed.

///

///

3

**B.      Plaintiff's Alternative Submission Should Be Disregarded.**

Plaintiff's submission of an alternative to Appendix A is the true reason for this Motion to Strike. Plaintiff argues that the Court should consider a new chart of challenged statements, that can only be fully understood if the Court cross-references with two other additional charts. In total, Plaintiff puts forward sixty-eight additional pages of highly repetitive content that serves no practical utility for more efficient discussion of the challenged statements than the AC itself. Rather than giving the Court and parties an easy shorthand to use in discussing the challenged statements, Plaintiff's supplemental submission merely further obfuscates the AC's deficiencies by giving the false impression that the allegations are coherent and complete as to each challenged statement. The Court need only look to Defendants' motion and reply papers to understand that fact and Plaintiff's supplemental submission is neither an effective nor an appropriate rebuttal.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court deny Plaintiff's Motion to Strike Appendix A.

Date:  November 17, 2025

Respectfully submitted,

**SIDLEY AUSTIN LLP**

By: */s/ Jaime A. Bartlett*
       Sara B. Brody (SBN 130222)
       Jaime A. Bartlett (SBN 251825)
       Sarah E. Gallo (SBN 335544)

       *Attorneys for Defendants*
       *Outset Medical, Inc., Leslie Trigg,*
       *Nabeel Ahmed, and Rebecca Chambers*