Nicole Lavallee (SBN 165755)
Kristin J. Moody (SBN 206326)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        kmoody@bernantabacco.con
        avahdat@bermantabacco.com

*Lead Counsel for Lead Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE OUTSET MEDICAL, INC. SECURITIES LITIGATION<br><br><br>_____<br>This Document Relates to:<br>ALL ACTIONS<br>_____ | ) Case No. 5:24-cv-06124-EJD<br>)<br>) **CLASS ACTION**<br>)<br>) **LEAD PLAINTIFF'S OPPOSITION TO**<br>) **DEFENDANTS' SUPPLEMENTAL**<br>) **REQUEST FOR JUDICIAL NOTICE**<br>) **(DKT NO. 65)**<br>)<br>) Date: January 22, 2026<br>) Time: 9:00 a.m.<br>) Place: Courtroom 4, 5th Floor<br>) Judge: Hon. Edward J. Davila<br>)<br>Consolidated Complaint Filed: June 6, 2025 |

Defendants' Supplemental Request for Judicial Notice in Support of the Motion to Dismiss (Dkt. No. 65) ("Second RJN") attempts to introduce two exhibits totaling an additional 54 pages, on top of the over 525 pages they submitted in support of their opening Motion to Dismiss, and despite the fact their Reply only cites to 4 paragraphs in these excerpts. Defendants' purported purposes for submitting the exhibits are contrary to the parties' briefing and the Second RJN should be denied.

Both exhibits that Defendants seek judicial notice of are excerpts of complaints in other litigation. Exhibit 1 contains excerpts from the July 10, 2009 Fifth Amended Complaint underlying the October 13, 2009 motion to dismiss decision in *In re Gilead Sciences Securities Litigation*, *("Gilead IV")*, No. C 03-0100 SI, 2009 WL 3320492, at *2 (N.D. Cal. Oct. 13, 2009) (the "Gilead Fifth Amended Complaint Excerpts"). Exhibit 2 contains excerpts from the Amended Consolidated Complaint underlying the motion to dismiss decision in *City of Roseville Employees' Retirement System v. Horizon Lines, Inc.,* 713 F. Supp. 2d 378, 389 (D. Del. 2010) (the "Horizon Lines Complaint Excerpts").

Defendants state that they are providing the Gilead Fifth Amended Complaint Excerpts "in responding to points raised in Plaintiff's opposition to their motion to dismiss" for "context regarding the *Gilead* plaintiffs' allegations of an off-label marketing scheme." Second RJN at 5. However, Plaintiff's Opposition to Defendants' Motion to Dismiss  (Dkt. No. 58) ("Opp.") does not cite the October 13, 2009 *Gilead IV* opinion on the Gilead **Fifth** Amended Complaint regarding the allegations of an off-label marketing scheme. Instead, Plaintiff cites the January 26, 2005 *Gilead I* opinion on the **first** Consolidated Amended Complaint, which was several iterations earlier, in regard to the sufficiency of the off-label marketing allegations as it was that opinion in which the court found the allegations of an off-label marketing scheme sufficiently alleged based on allegations of two witnesses and FDA letters. Opp. at 6, citing *In re Gilead Scis. Sec. Litig. ("Gilead I")*, No. C03-4999 MJJ, 2005 WL 181885, at *9 (N.D. Cal. Jan. 26, 2005).

Similarly, Defendants state that they are submitting the Horizon Lines Complaint Excerpts "in responding to points raised in Plaintiff's opposition to their motion to dismiss" for "additional

[No. 5:24-cv-06124-EJD] LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE (DKT NO. 65)

1

context regarding the *Horizon* plaintiffs' allegations of a price-fixing scheme." Second RJN at 5. However, Plaintiff does not cite *Horizon Lines* regarding the sufficiency of its off-label marketing allegations, but instead cites it for the proposition that, where, as here, statements touting a company's revenue and growth as driven by "purely legitimate business practices" but "fail to mention that revenue growth [] were driven, in part" by illegal business practices are false and misleading. Opp. at 15, citing *Horizon Lines,* 713 F. Supp. at 389.

Finally, and further inconsistent with Defendants' purported reasons for submitting the exhibits, Defendants' Reply does not cite either exhibit to argue that Plaintiffs did not sufficiently allege an off-label marketing scheme, but seemingly to challenge materiality and/or that the off-label marketing resulted in sales for off-label use. Reply at 7-8. Moreover, Defendants incorrectly state that the *Gilead* court did not find materiality adequately pled until the Fifth Amended Complaint. Reply at 7:1. In fact, it was the court's opinion on the Fourth Amended Complaint that found materiality adequately pled and without relying on allegations of class period off-label sales. *See In re Gilead Scis. Sec. Litig. ("Gilead III")*, 2009 WL 1561584, at *2-3 (N.D. Cal. June 3, 2009) ("The 'materiality' of an omission is a fact-specific determination that should ordinarily be assessed by a jury [and][O]nly if the adequacy of the disclosure or the materiality of the statement is so obvious that reasonable minds could not differ are these issues appropriately resolved as a matter of law."). Likewise, the *Horizon Lines* opinion did not address materiality or the impact of the price-fixing scheme. *See, generally Horizon Lines,* 713 F. Supp. 2d 378.

In any event, while determinations of materiality are typically improper at the motion to dismiss stage, Plaintiff adequately pleads materiality and significant sales resulting from off-label marketing. *See, e.g.,* Opp. at 8:18-22, 9:21-24, 10:11-11:25, 15:21-16:19.

Accordingly, the Court should deny the Second RJN.

[No. 5:24-cv-06124-EJD] LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE (DKT NO. 65)

2

Dated: December 12, 2025                    Respectfully submitted,


                                            **BERMAN TABACCO**


                                            By:   */s/ Kristin J. Moody*
                                                       Kristin J. Moody

                                            Nicole Lavallee
                                            Alexander Vahdat
                                            425 California Street, Suite 2300
                                            San Francisco, CA 94104
                                            Telephone: (415) 433-3200
                                            Facsimile: (415) 433-6382
                                            Email: nlavallee@bermantabacco.com
                                                      kmoody@bernantabacco.con
                                                      avahdat@bermantabacco.com

                                            *Lead Counsel for Lead Plaintiff and the Proposed Class*

[No. 5:24-cv-06124-EJD] LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE (DKT NO. 65)

3