Nicole Lavallee (SBN 165755)
Kristin J. Moody (SBN 206326)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
         kmoody@bernantabacco.con
         avahdat@bermantabacco.com

*Lead Counsel for Lead Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE OUTSET MEDICAL, INC. SECURITIES LITIGATION | ) Case No. 5:24-cv-06124-EJD |
| | ) |
| | ) **CLASS ACTION** |
| | ) |
| | ) **LEAD PLAINTIFF'S REPLY IN** |
| | ) **SUPPORT OF ITS MOTION TO STRIKE** |
| This Document Relates to: | ) **APPENDIX A TO DEFENDANTS'** |
| ALL ACTIONS | ) **MOTION TO DISMISS (DKT NO. 55-1)** |
| | ) |
| | ) Date: January 22, 2026 |
| | ) Time: 9:00 a.m. |
| | ) Place: Courtroom 4, 5th Floor |
| | ) Judge: Hon. Edward J. Davila |
| | ) |
| | Consolidated Complaint Filed: June 6, 2025 |

[No. 5:24-cv-06124-EJD] LEAD PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE
APPENDIX A TO MOTION TO DISMISS (DKT NO. 55-1)

Defendants' Opposition to Plaintiff's Motion to Strike Appendix A to Defendants' Motion to Dismiss (Dkt. No. 66) ("Opposition") is futile and, like their Appendix A, is fundamentally flawed. Defendants' Appendix A misrepresents the falsity allegations in the Consolidated Complaint and does not clearly represent false statements repeated throughout the Class Period. The Court therefore should grant Plaintiff's Motion to Strike Appendix A (Dkt. No. 60) ("Motion to Strike") as Appendix A misstates Plaintiff's allegations and serves as improper argument in support of Defendants' Motion to Dismiss the First Amended Class Action Complaint (Dkt. No. 55) ("Motion to Dismiss"). Moreover, as Plaintiff clearly stated in its opening Motion to Strike and contrary to Defendants' incorrect assertion of Plaintiffs motive, Plaintiff submitted the Corrected Appendix with its Motion to Strike, which provides a complete, accurate summary for the Court to consider *only* to the extent the Court finds a summary chart of the falsity allegations helpful. Motion to Strike at 3.

### A. Appendix A is Unnecessary and Misrepresents the Consolidated Complaint's Allegations

The Opposition contends inaccurately and ***for the first time*** that it is necessary because the Consolidated Complaint is somehow disorganized and incoherent. Opposition at 3. This argument fails and demonstrates Plaintiff's point – Appendix A is simply a vehicle for Defendants to further argue their motion to dismiss. In addition, as discussed in the Motion to Strike, Appendix A misrepresents Plaintiff's allegations by incorrectly limiting allegations concerning falsity to only a few paragraphs, despite the Consolidated Complaint's clear, organized, and robust falsity allegations, and not clearly referencing each false statement. Defendants' contentions otherwise fail. As their only example, Defendants argue that their citation in Appendix A to just three paragraphs in the Consolidated Complaint for the falsity allegations regarding the "value proposition" statements is sufficient. Opposition at 2. Yet, as the Corrected Appendix shows, the allegations concerning falsity as to Tablo's value proposition statements encompass 37 paragraphs of the Consolidated Complaint including, *inter alia,* detailed factual

[No. 5:24-cv-06124-EJD] LEAD PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE APPENDIX A TO MOTION TO DISMISS  (DKT NO. 55-1)

1

accounts from witnesses and the July 5, 2023 warning letter from the FDA. *See, e.g.,* Plaintiff's Corrected Appendix (Dkt. No. 60-1), Stmt. No. 5.

Moreover, Plaintiff's cited authority shows that courts routinely strike improper appendices like Appendix A. For example, in *Cheng Jiangchen v. Rentech, Inc.*, the court struck defendants' appendix because it would allow defendants to "make further arguments in violation" of page limits set by the local rules. No. CV 17-1490-GW(FFMx), 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017).[1] In *Todd v. Tempur-Sealy International, Inc.*, defendants submitted a chart of variations in state law but included legal assertions based on their own interpretations of those laws.[2] No. 13-cv-04984-JST, 2016 WL 5746364, at *4 n.3 (N.D. Cal. Sep. 30, 2016).

Defendants' reference to the standing orders of other judges in this district is likewise unavailing. While those orders do not control this litigation, they, in fact, support Plaintiff's position as all three require a plaintiff to state "the reason(s) the statement was false or misleading when made." *See, e.g.* Standing Order for Civil Cases Before District Judge Araceli Martínez-Olguín (Revised November 14, 2025). As discussed *supra,* Defendants' chart fails this basic requirement because it omits allegations supporting each statement's falsity. Defendants' case authority provides similarly. *Ng v. Berkeley Lights, Inc.*, No. 21-cv-09497-HSG, 2024 WL 695699, at *19 (N.D. Cal. Feb. 20, 2024) (Judge Gilliam ordered plaintiff to submit chart with amended complaint that states "the reasons the statement or action was false, misleading, or deceptive when made"); *Shnayder v. Allbirds, Inc.*, No. 23-cv-01811-AMO, 2024 WL 2125598,

---

[1] Defendants falsely claim that, unlike the appendix in *Cheng Jiangchem*, Appendix A does not "highlight" purported defects in the Consolidated Complaint and "merely cites" to the falsity allegations. Opposition at 3:1-4. In fact, Appendix A mischaracterizes Plaintiff's allegations regarding falsity by inaccurately limiting those allegations to only a few paragraphs.

[2] Defendants' Opposition only discusses the *Todd* court's discussion of the plaintiff's chart and ignores the court's disapproval of defendants' proffered chart. Opposition at 3:7-9.

[No. 5:24-cv-06124-EJD] LEAD PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE APPENDIX A TO MOTION TO DISMISS  (DKT NO. 55-1)

2

at \*2 (N.D. Cal. May 10, 2024) (Judge Martínez-Olguín ordered plaintiff to comply with the court's standing order and submit summary chart fourteen days after filing amended complaint).

### B. Plaintiff Submitted the Corrected Appendix Solely So That the Court Can Have a Correct Version Should It Find Such a Chart Helpful Now That Defendants Have Raised the Issue With Their Flawed and Inaccurate Appendix

Contrary to Defendants wholly unsupported, speculative, and incorrect assertion of Plaintiff's motive for attaching a Corrected Appendix to its Motion to Strike, as stated in its opening motion, Plaintiff submitted the Corrected Appendix with its Motion to Strike **only** for the Court to use **should** it deem such a chart useful. Motion to Strike at 3. Indeed, the crux of Plaintiff's Motion to Strike is its request that the Court strike Defendants' inaccurate and misleading Appendix A. Plaintiff would have included a chart when filing its Consolidated Complaint had the Court required one or Plaintiff believed one necessary. Neither situation existed, and Plaintiff does not believe such a chart is necessary for the Court's consideration of the adequacy of the Consolidated Complaint as the misstatements and the robust allegations of, *inter alia*, falsity are clearly alleged and the claims are more than adequately pled.

Accordingly, Plaintiff respectfully requests that the Court grant its Motion to Strike Appendix A.

Dated: December 12, 2025

Respectfully submitted,

**BERMAN TABACCO**

By:   */s/ Kristin J. Moody*
            Kristin J. Moody

Nicole Lavallee
Alexander Vahdat
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
            kmoody@bernantabacco.con
            avahdat@bermantabacco.com

*Lead Counsel for Lead Plaintiff and the Proposed Class*

[No. 5:24-cv-06124-EJD] LEAD PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE APPENDIX A TO MOTION TO DISMISS  (DKT NO. 55-1)