Sara B. Brody (SBN 130222)
sbrody@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

*Attorneys for Defendants*
*Outset Medical, Inc., Leslie Trigg,*
*Nabeel Ahmed, and Rebecca Chambers*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE OUTSET MEDICAL, INC. SECURITIES LITIGATION | Case No.  5:24-cv-06124-EJD<br>Assigned to: Hon. Edward J. Davila<br><br>**DEFENDANTS' REPLY IN SUPPORT OF SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**<br><br>Date:   January 22, 2026<br>Time:   9:00 a.m.<br>Place:   Courtroom 4, 5th Floor<br><br>AC Filed: June 6, 2025 |

In their Reply in support of the Motion to Dismiss the Amended Complaint (ECF No. 63, "Reply") Defendants cited two publicly filed complaints for the unremarkable purpose of distinguishing the facts alleged in those cases (which Plaintiff relied upon in its Opposition to the Motion to Dismiss) from the facts alleged here. To provide the Court with the same context, Defendants attached excerpts of those pleadings, which are publicly available judicial filings, as Reply Exhibits 1 and 2 and filed a supplemental request for judicial notice (ECF No. 65, "Supp. RJN").

Plaintiff does not dispute that the exhibits are authentic court filings or that such documents are generally subject to judicial notice. Instead, Plaintiff objects that the excerpts are too long and argues about why Defendants cited the cases. Those points do not bear on judicial notice. The Court should grant Defendant's Supplemental Request for Judicial Notice.

## I.      ARGUMENT

### A.      The Complaints Are Properly Before the Court Under the Doctrine of Judicial Notice.

As Defendants explained in their supplemental request for judicial notice, the Ninth Circuit has regularly held that pleadings are judicially noticeable as "matters of public record" whose authenticity cannot be disputed. *See* ECF No. 65 at 5; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (holding that "matters of public record" may be judicially noticed); *Holder v. Holder*, 305 F. 3d 854, 866 (9th Cir. 2002) (taking judicial notice of court documents that are already in the public record or have been filed in other courts). Here, Defendants have requested the Court take judicial notice of two excerpted complaints, one filed in this District and the other in the U.S. District Court for the District of Delaware. There can be no dispute that these are exact types of court documents "already in the public record" of which courts regularly take notice. Plaintiff does not argue otherwise, thus conceding that the complaints are appropriately before the Court. *See Qureshi v. Countrywide Home Loans, Inc.*, No. 09-4198, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (holding plaintiff's failure to address, in opposition brief, claims challenged in a motion to dismiss, an "abandonment of those claims").

///

**B.      Defendants' Citations to the Exhibits in their Reply Do Not Provide a Basis for Denial of Their Supplemental Request for Judicial Notice.**

Lacking any meaningful challenge to judicial notice, Plaintiff argues instead that Defendants purportedly cite the complaints for reasons different from those described in the Supp. RJN. That assertion is incorrect and does not bear on whether the underlying pleadings are judicially noticeable as public records.

First, Plaintiff's objection regarding the Fifth Amended Complaint ("FAC") in *Gilead* reflects a disagreement about which *Gilead* opinion is most relevant, not about whether the FAC is an appropriate subject of judicial notice. Plaintiff contends that Defendants seek judicial notice of the FAC addressed in *Gilead IV*, while Plaintiff relies on the *Gilead I* opinion addressing the first Consolidated Amended Complaint in its Opposition to the Motion to Dismiss (ECF. No. 58, "Opp."). *See* ECF No. 69 at 1(citing Supp. RJN at 5; Opp. at 6). This is accurate and is also the point that Defendants are making. As explained in Defendants' Reply, it was not until the October 13, 2009 *Gilead IV* opinion addressing the FAC that the court found materiality adequately pled based on allegations of an off-label marketing scheme, a fact pattern that most closely tracks Plaintiff's allegations here. Reply at 3. Defendants sought judicial notice for excerpts of this complaint because the opinion did not reproduce the relevant allegations and those allegations provide necessary context for distinguishing *Gilead* from the facts alleged here.

Plaintiff's objection to Defendants' use of *Horizon Lines* is even more perplexing. In opposing the Motion to Dismiss, Plaintiff cited *City of Roseville Employees' Ret. Sys. v. Horizon Lines, Inc.*, 713 F. Supp. 2d 378, 389 (D. Del. 2010), *aff'd*, 442 F. App'x 672 (3d Cir. 2011), as an example of a case where the court found statements misleading because they attributed growth to legitimate business practices and "failed to mention that revenue growth [] were driven, in part" by illegal business practices. Opp. at 15. Defendants reasonably understood Plaintiff to be arguing that the same analysis should apply here—namely, that Outset's growth statements were misleading because they allegedly concealed an off-label marketing scheme. In opposing the Supp. RJN, Plaintiff now claims that it did not cite *Horizon Lines* in support of the sufficiency of its off-label marketing allegations, even though the only "illegal business practices" alleged are Outset's

2

purported off-label marketing activities. Supp. RJN Opp. at 2. In any event, Plaintiff offers no explanation for how Defendants' interpretation of Plaintiff's cited authority would make a publicly filed document in that case an improper subject of judicial notice.

In short, Plaintiff cites no authority for the proposition that a disagreement over the relevance or characterization of a judicially noticeable filing provides a basis to deny a request for judicial notice of that filing as a matter of public record. The Supplemental RJN should be granted.

## II.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Request for Judicial Notice.

Date:  December 30, 2025

Respectfully submitted,

**SIDLEY AUSTIN LLP**

By: */s/ Jaime A. Bartlett*
    Sara B. Brody (SBN 130222)
    Jaime A. Bartlett (SBN 251825)
    Sarah E. Gallo (SBN 335544)

    *Attorneys for Defendants*
    *Outset Medical, Inc., Leslie Trigg,*
    *Nabeel Ahmed, and Rebecca Chambers*

DEFENDANTS' REPLY IN SUPPORT OF SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE
CASE NO. 5:24-CV-06124-EJD